[Civ. No. 16780.   First Dist., Div. Two.   Nov. 20, 1956.]

SOUTHERN LUMBER COMPANY (a Corporation), Appellant, v. THE CITY COUNCIL OF SAN JOSE et al., Respondents.

Smith, Wool & Perren and Donald B. Richardson, Jr., for Appellant.

Ferdinand P. Palla, City Attorney, Robert J. Costello, Richard K. Karren and Harry Kevorkian, Assistant City Attorneys, for Respondents.

KAUFMAN, J.—This is an appeal from an order dated March 17, 1955, granting respondent's motion to dismiss the above entitled action and to quash a writ of certiorari and a writ of mandamus, which order was made pursuant to respondent's motion, appellant having failed to amend its petition after demurrer was sustained with 10 days leave to amend on February 17, 1955. Appellant Southern Lumber Company brought this action to prevent the city of San Jose from annexing the territory known as Monterey Park

Number 4, and which territory includes real property owned by appellant. The Superior Court of Santa Clara County issued alternative writs of mandamus and certiorari, and pursuant to court order, respondent filed a return, and also a demurrer and answer. After the sustaining of the demurrer, appellant chose not to amend.

The sole contention of appellant on this appeal is that the city of San Jose failed to comply with one of the mandatory requirements set forth in the Government Code for the annexation of uninhabited territory. The annexation herein was made under the provisions of the annexation of Uninhabited Territory Act of 1939. Government Code, section 35301 of that act, provides that in annexation proceedings pursuant to this article (art. 5), "the provisions of this article and of article 1 of this chapter alone apply." Government Code, section 35002, of article 1 provides as follows:

"No petition seeking the annexation of territory to a city shall be circulated or filed, nor shall any public officer accept any such petition for filing, nor shall any legislative body initiate proceedings to annex on its own motion, until the proposal for the annexation of territory to a city has been submitted to and reported upon to the proponents by the boundary commission of the county with respect to the definiteness and certainty of the proposed boundaries.

"If the boundary commission does not report upon the petition or proceeding within 20 days after it is submitted to it, the petition or proceeding shall be deemed correct."

The chronology of events in the annexation proceedings as set forth in appellant's petition is as follows:

On June 22, 1953, a petition for the incorporation of a new city to be known as the city of South San Jose was filed with the Board of Supervisors of Santa Clara County. This petition particularly described the boundaries of the proposed city which included all the territory designated in the first and second annexation proceedings as Monterey Park Number 4, which park included petitioner's lands.

On May 29, 1953, more than 20 days before the filing of the aforesaid petition for incorporation with the board of supervisors, a petition accurately describing the boundaries of the proposed city was filed with the boundary commission pursuant to sections 34303.5 and 34304 of the Government Code. No report thereon was made by said commission within 20 days thereafter.

On August 17, 1953, while the incorporation proceedings were pending before the board of supervisors, Mayfair Packing Company, a corporation, filed a petition with the San Jose City Council seeking annexation of its real property and the real property of petitioner to the city of San Jose. Said council, assertedly acting under the provisions of the Annexation of Uninhabited Territory Act of 1939, adopted Resolution 9972 giving notice of the proposed annexation and notice of the time and place for hearing protests. This petition is referred to throughout appellant's petition for a writ as the "first annexation proceedings."

On June 2, 1953, and more than 20 days prior to the filing with the city council of the petition for annexation pursuant to Government Code, section 35002, a proposal describing the boundaries of Monterey Park Number 4 was filed with the boundary commission, but no report was made thereon by said commission within 20 days thereafter.

On November 9, 1953, the board of supervisors adopted a resolution by which it established the boundaries of the proposed city of South San Jose and determined the number of inhabitants to be less than 500. Having made this determination, the board refused to call an incorporation election in said territory. (Under section 34302, Government Code, a portion of a county in order to be incorporated as a city, must have not less than 500 inhabitants.)

On November 9, 1953, after the adoption of the above resolution by the board of supervisors, the San Jose City Council adopted a resolution finding that it had no jurisdiction to proceed with the proposed annexation of Monterey Park Number 4, and discontinuing hearing of protests thereto.

Also on November 9, following the adoption of the above resolution by the city council, a second petition was filed with said council by Mayfair Packing Company seeking annexation of its real property and that of petitioner to the city of San Jose. Said council, purporting to act under the Uninhabited Territory Act of 1939, adopted Resolution Number 10057 giving notice of the proposed annexation to the city of San Jose of the territory designated as Monterey Park Number 4, and giving notice of the time and place of hearing of protests thereto. Appellant states in his petition that the territory described in the second petition (for annexation) is the same as that described in the first petition.

Appellant then alleged that no proposal for the annexation to the city of San Jose of Monterey Park Number 4 in

the second annexation proceedings was ever filed with the boundary commission pursuant to section 35002, Government Code, after the abandonment, dismissal and discontinuance of the first annexation proceedings, and prior to the filing with and acceptance of the second petition by said city council.

The date of hearing of protests before the city council had been set by Resolution 10057 for December 21, 1953, and on that date petitioner protested in writing against the annexation of its land to the city of San Jose. After receiving petitioner's protest, said council continued the hearing to December 28, 1953, and on that date rejected petitioner's protest. It then proceeded "to adopt to print an ordinance" Number 4295 annexing Monterey Park Number 4 to the city of San Jose.

Although it does not appear in the petition, appellant sets forth in his brief the fact that on January 4, 1954, it filed a petition for writ of certiorari and/or writ of mandamus asking that petitioner's protests be sustained and disapproving the annexation of Monterey Park. After hearing, judgment was entered on January 11, 1955, denying the petition. The appeal from the judgment in that proceeding to this court was dismissed on September 5, 1956.

On December 6, 1954, the petition further alleges, the city council threatened to finally adopt an ordinance of annexation of Monterey Park Number 4, whereupon this petition for writ of certiorari and/or writ of mandamus, was filed asking that petitioner's protest be sustained and the proposed annexation disapproved. Demurrer was sustained with leave to amend on February 8, 1955. Appellant states in his brief that because of the judgment denying the first petition for a writ in the other action, petitioner chose not to amend.

Respondents demurred to each cause of action in the petition on the ground that no cause of action was stated which would authorize the issuance of such writ, and further, that it appeared from the petition that petitioner had been guilty of laches.

From the face of the petition it appears that a proposal to annex Monterey Park Number 4 to the city of San Jose was submitted to the boundary commission on June 2, 1953, pursuant to section 35002 of the Government Code. No report being made thereon within 20 days, the proposed boundaries were then deemed correct. That the territory involved in the first and second annexation petitions is identical is admitted by appellant's petition.

It is clear from section 35002 that a proposal for annexation shall be submitted by the proponents to the boundary commission not less than 20 days before a petition may be circulated or a legislative body may initiate proceedings to annex on its own motion. Mayfair Packing Company was the proponent of both the first and second petition. Its proposal for annexation of Monterey Park Number 4 was the same proposal in both proceedings. The section requires only the proposal to be submitted to the boundary commission. The "petition" need not be, nor is a copy of the proposed petition required to be submitted. The commission is concerned only with the definiteness and certainty of the boundaries. The resubmission of the proposal in this case would appear to have been an idle act. Although appellant argues that conditions within the territory proposed to be annexed might have changed between the filing of the first petition (August 17, 1953) and the filing of the second (November 9, 1953) his petition for the writ does not allege that any change occurred. As respondent points out, Government Code, section 35001, requires only that a petition be filed within six months of the date when the first signature was obtained, and although this much time may have elapsed, there is no requirement that the boundary commission must reexamine the matter to determine if conditions have changed. Here, about five months had elapsed between June 2, and November 9, 1953.

Section 35002 of the Government Code was before this court in *Jefferson Union Sch. Dist.* v. *City Council*, 129 Cal.App.2d 264 [277 P.2d 104]. In that case the petition for annexation was circulated and signed before it was submitted to the boundary commission, which reported that the boundaries were definite and certain. The school district instituted proceedings in mandamus and in certiorari against the city questioning the legality of the city's adoption of a resolution proposing the annexation. The court in affirming the judgment in favor of the city noted that the purpose of the statute had been fulfilled. It observed that when the Legislature added section 35002 to the Government Code and amended section 35301 to make it applicable to the Annexation of Uninhabited Territory Act of 1939, it did not prescribe any penalties for noncompliance with said section, the consequences being left to inference. "It did not even declare the consequences of a report when the commission finds the proposed boundaries are indefinite and uncertain. It dispensed with the report if not filed within 20 days." The court then ex-

pressly held that the provisions of section 35002 are directory, not mandatory, that such provisions are a guide to orderly proceedings. The court added, as appellant points out, that they need not consider what the consequences might have been if the council had acted without submitting the petition to the boundary commission or if the commission had filed an adverse report. However, as we have stated earlier, the proponents had submitted their proposal for the annexation to the boundary commission in this case although the second petition describing the identical proposal was not so submitted.

, In *People ex rel. Klevesahl* v. *City of San Bruno,* 124 Cal. App.2d 790 [269 P.2d 211], it was said in regard to the regulatory provisions of the Annexation Act of 1912, that its purpose was to assure a fair election to property owners in the area to be annexed, "and to assure them that they will not be imposed upon or misled." In the cited case it was clearly demonstrated that no one had been misled by the variance. ■ In the present case, there are no facts alleged in the petition for the writ that show that appellant was in any way injured by failure to again submit the proposal to the boundary commission. There is no allegation that the boundaries are indefinite or uncertain, and those are the only subjects of the boundary commission's report under this section. Nor is there any allegation that any change occurred within this territory after the submission of the proposal to the commission on June 2, 1953. There is only the admission that the territory is the same in both proceedings.

Whether the statute in this particular be regarded as mandatory or directory, it is our view that there was a substantial compliance with the statutes involved and that the petition of appellant does not state facts which state a cause of action.

Judgment affirmed.

Dooling, Acting P. J., and Draper, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.