[S. F. No. 6988.    Department Two.—July 26, 1916.]

## WORTHINGTON SCHOOL DISTRICT, Appellant, v. EUREKA SCHOOL DISTRICT, Respondent.

SCHOOL DISTRICT—CHANGE OF BOUNDARIES—ACTION TO AVOID ORDINANCE MAKING CHANGE—INSUFFICIENT COMPLAINT.—In an action between two adjoining school districts, wherein the plaintiff seeks to avoid an ordinance of the board of supervisors changing their respective boundaries, the complaint fails to state a cause of action where it merely avers that the board "took" certain territory from the plaintiff district and annexed it to the other, that the act of the board was "illegal and without authority of law, and without jurisdiction and in excess of power," but fails to allege the procedure followed or how any jurisdictional elements were missing from the acts of the board, or that the board acted upon an insufficient petition, or any particular in which it failed to comply with the law, or that any of the heads of families protesting against the change resided in the territory taken from the plaintiff district.

ID.—POWER OF LEGISLATURE OVER SCHOOL DISTRICTS.—The power of the legislature over school districts is plenary. It may divide, change, or abolish such districts at pleasure, and may delegate to boards of supervisors powers of annexation under certain conditions.

APPEAL from a judgment of the Superior Court of Humboldt County.    George D. Murray, Judge.

The facts are stated in the opinion of the court.

E. M. Frost, and A. J. Monroe, for Appellant.

P. H. Ryan, and A. W. Hill, for Respondent.

MELVIN, J.—Defendant demurred successfully to plaintiff's amended complaint and the latter failing to file a new

pleading within the time allowed by the court, an order was made dismissing the action and judgment in favor of defendant was entered accordingly. From said judgment plaintiff appeals.

Both parties to the action are school districts, having adjoining territories. In the amended complaint it was alleged that on November 14, 1912, the board of supervisors of Humboldt County, in which both districts are situated, passed an ordinance whereby said board ''took from'' the Worthington School District and attached to the Eureka School District a certain described area. It was further averred in said amended complaint that prior to the passing of the ordinance changing the boundaries of the districts ''a majority of the resident tax payers and heads of families residing within said Worthington School District filed a remonstrance and protest with said Board of Supervisors remonstrating and protesting against said change being made, and appeared before said Board of Supervisors and protested and remonstrated against the making of said change of the said boundaries of said school district,'' but that notwithstanding these protests and remonstrances the board of supervisors ''took said premises'' from the territory of the Worthington District and attached them to Eureka School District. There was further pleading that the territory so taken was less than two miles from the schoolhouse of the Worthington district; that no part of it had ever been any portion of Eureka district; and that the Worthington district had been injured by the act of the board of supervisors because of decreased daily attendance upon its school sessions; by reason of consequent loss of school funds; and also because of diminution of taxable property in the Worthington district. The prayer was for annulment of the ordinance, the restoration of the former boundaries of Worthington School District and that the Eureka district be enjoined from exercising any control over the disputed territory.

The demurrer was both general and special and was properly sustained. There is an averment in the amended complaint that the board of supervisors ''took'' certain territory from one district and annexed it to the other, but there is no statement regarding the procedure followed. It is a presumption of law that legislative bodies act with authority and in accordance with proper procedure, and there is no statement that sufficiently contradicts such presumption. It is alleged

that the act of the board was "illegal and without authority
of law," was without jurisdiction and in excess of power, but
the pleading does not specify how any jurisdictional elements
were missing from the acts of the board. The county legis-
lators may have acted in strict compliance with section 1576
of the Political Code. Nothing to contradict such a possibility
is set up in the pleading. There is no allegation that the
supervisors acted upon an insufficient petition nor any aver-
ment in which their failure to comply with the law is in any
manner specified. There is an allegation that a majority of
the heads of families in the Worthington district protested,
but there is no statement that any number of the persons so
protesting resided in the territory taken from that district.

The power of the legislature over school districts is plenary.
(*Pass School District* v. *Hollywood City School District,* 156
Cal. 416, [20 Ann. Cas. 87, 26 L. R. A. (N. S.) 485, 105 Pac.
122] ; *Reclamation District* v. *Birks,* 159 Cal. 233–238, [113
Pac. 170].) It may divide, change, or abolish such districts
at pleasure, and may delegate to boards of supervisors powers
of annexation under certain conditions. (*Kramm* v. *Bogue,*
127 Cal. 122–125, [59 Pac. 394].)

The judgment is affirmed.

Henshaw, J., and Lorigan, J., concurred.