[L. A. No. 6272. In Bank.—November 1, 1920.]

ROBERT H. MITCHELL, Appellant, v. C. H. HENRY et al., Trustees, etc., Respondents.

[1] MUNICIPAL CORPORATIONS—ANNEXATION OF INHABITED TERRITORY TO CITY OF SIXTH CLASS—PART OF SCHOOL DISTRICT OF WHICH CITY NOT A PART—VALIDITY OF ANNEXATION.—Annexation of inhabited territory to a city of the sixth class under the statute of June 11, 1913 (Stats. 1913, p. 587), which territory is a part of both a common school district and a high school district of which the city is not a part, is not invalid as violative of section 1576 of the Political Code, which provides that territory within an incorporated city of the sixth class shall in no instance be in more than one school district, since such section is concerned only with school districts and does not purport to touch upon and be concerned with the matter of incorporating cities or annexing territory to them.

[2] SCHOOL LAW — CITIES OF SIXTH CLASS — SINGLE DISTRICT — CON-
STRUCTION OF CODE.—Section 1576 of the Political Code, provid-
ing that territory within an incorporated city of the sixth class
shall in no instance be in more than one school district, is subject
to the construction that it is applicable solely to the formation of
school districts, or to the construction that annexed territory upon
annexation is *ipso facto* taken out from the school district of
which it was before a part and made part of the district of
which the city is either the whole or a part.

APPEAL from a judgment of the Superior Court of Los
Angeles County. Paul J. McCormick, Judge. Affirmed.

The facts are stated in the opinion of the court.

Anderson & Anderson and Victor T. Watkins for Appellant.

Evans, Abbott & Pearce and W. E. Evans for Respondents.

OLNEY, J.—The city of Glendale, by proceedings com-
pleted in the spring of 1919, endeavored to annex unto itself
certain adjacent unincorporated territory. The petitioner in
the court below and the appellant here owned land in the
annexed district and after the completion of the annexation
proceedings sought to have them annulled by writ of review
from the superior court. The writ was denied him and he
appeals.

Objection is made at the outset by the respondents that
the annexation proceedings cannot now be annulled upon
*certiorari*, since the writ was sought only after the annexation,
or purported annexation, was complete. But this objection
we need not consider in view of the conclusion we have
reached that no grounds exist for declaring the annexation
invalid either upon *certiorari* or otherwise.

Apparently contention was made in the lower court that
while the annexation proceedings were taken under the statute
of June 11, 1913 (Stats. 1913, p. 587), providing for the
annexation of inhabited territory, the territory annexed was,
in fact, uninhabited. The lower court, however, found that
the territory was inhabited, and the sufficiency of the evi-
dence to sustain this finding is not attacked. With this ob-
jection removed, there is no contention that the proceedings
taken did not in all respects meet the requirements of the
annexation statute.

[1]   Before this court, the sole contention of the petitioner is that the annexation is invalid because it would result in a violation of the provisions of section 1576 of the Political Code, with reference to school districts. It seems that the city of Glendale is a city of the sixth class and that the annexed territory was a part of both a common school district and a high school district of which Glendale was not a part. The result of the annexation will therefore be that, if the annexed territory remains a part of the school districts of which it was formerly a part, the city of Glendale will, as to part of its territory, be within one school district, and as to part be within another. This result, it is claimed, is in violation of the section of the Political Code mentioned, the material portion of which reads: "Every city or incorporated town, except cities and towns of the sixth class, unless subdivided by the legislative authority thereof, shall constitute a separate school district . . . ; provided, however, that in no instance shall the territory within an incorporated city of the sixth class be in more than one school district." The prohibitory proviso just quoted was added to the code by amendment in 1917, while the annexation statute was passed in 1913, and the contention of the petitioner is that the code section had the effect of impliedly repealing the annexation statute, or, more accurately, of amending it, so that it does not apply in any case where the territory sought to be annexed to a city of the sixth class is a part of a school district of which the city is not a part. In fact, if the petitioner's contention be correct, we cannot stop with an implied amendment of this particular annexation statute, but must extend the amendment to all annexation statutes applicable to cities of the sixth class. Not only this, but we must extend it to the statutes for the incorporation of such cities in the first instance, so that no city of the sixth class may be formed whose proposed territory is not at the time wholly within a single school district. These are rather remarkable results. The code section is concerned only with school districts. It does not purport to touch upon and be concerned with the matter of incorporating cities or annexing territories to them. When it was amended it was certainly not contemplated that the statutes upon these wholly distinct matters were likewise being amended. That result can be justified only in case there is no reasonable construction which can be given the

code section as amended which will avoid it. But there are at least two constructions of this character which, it seems to us, can be given the section.

[2] In the first place, the section, as we have said, is concerned and purports to deal only with the matter of school districts. In view of this it is reasonable to conclude that the prohibition it contains against more than one school district in a city of the sixth class is limited to the matter of forming school districts, is a prohibition on the creation of more than one school district in such a city, and does not extend to a forbidding of the creation or extension of a city when such creation or extension will happen to have the purely incidental effect of causing the territory of the city to be divided between two school districts.

In the second place, a not unreasonable construction of the code section is, that by it the annexed territory is upon annexation *ipso facto* taken out from the school district of which it was before a part and made part of the district of which the city is either the whole or a part. This, in fact, would seem to be the probable effect in the case of the annexation of territory to a city other than one of the sixth class. Such cities have each as a part of its municipal organization a school department. Even in the absence of any express statute on the matter, it would seem likely on the principle declared in *Petition of East Fruitvale Sanitary District,* 158 Cal. 453, [111 Pac. 368], that it would not be permitted that the municipal school organization and an entirely distinct school organization should both function within the same municipality at the same time, and that the annexed territory by virtue of the mere fact of its annexation would pass under the jurisdiction of the municipal school department. It would seem probable that this would also follow from the language of the code section under consideration that ''Every city . . . except cities and towns of the sixth class . . . shall constitute a separate school district.''

It may be said that the reason for the distinction which the portion of the section just quoted makes between cities of the sixth class and others is that the former do not have school departments as parts of their organizations, and that for this reason likewise the rule of the Sanitary District case mentioned would not apply to such cities. This is true, but it might well be replied that the prohibition of the section on

a city of the sixth class being in more than one school district means that nevertheless the same rule shall apply as to it, so that when territory is annexed to it, it follows as an incident that the territory becomes a part of the same school district as the city.

As between the two possible constructions which we have discussed, it is not necessary to decide which is the correct one. The question has not been argued and it is possible that there is still some other construction which is preferable to either. It is sufficient for the disposition of this case that either of the two discussed, which limit in a not unreasonable manner the effect of the code section to the matter with which the section deals, that of school districts, is preferable in our judgment to the construction necessarily advocated by the petitioner which would extend that effect to the very different matter of the creation and extension of municipalities.

Judgment affirmed.

Sloane, J., Wilbur, J., Lennon, J., Lawlor, J., and Angellotti, C. J., concurred.