[Civ. No. 3681.   Fourth Dist.   June 30, 1948.]

CITY OF EL CAJON, Appellant, v. LESLIE O. HEATH et al., Respondents.

Donald A. Stewart for Appellant.

Miller, Higgs, Fletcher & Glen for Respondents.

MUSSELL, J. pro tem.—This is an appeal from a judgment for defendants in an action brought by the plaintiff city of El Cajon to enjoin the defendants from discharging sewage into the sewer system and disposal plant of the plaintiff and for the reasonable value of sewage disposal services rendered.

The city of El Cajon is a municipal corporation of the sixth class and owns and operates a municipal sewage disposal system. The defendants own a portion of Lot 10 of Ardell Acres in San Diego County, which property is contiguous to the city limits. In 1929, under the provisions of the "Improvement Act of 1911" as authorized by the "Improvement Act of 1921" the defendants' property and other adjoining land outside the city limits of the city of El Cajon, was improved by the construction of a complete system of trunk lines and sewer laterals. No outlet or sewage disposal plant was ever constructed to serve the area. Lot 10 of Ardell Acres was a part of the improvement district and the improvements were paid for by bonds issued under the authority of the "Improvement Act of 1921." Special assessments were levied upon the lots owned

by defendants to pay for the improvement bonds for the construction of the sewer system. All of the assessments have been paid and the bonds have been retired. In 1942, the area embraced within the improvement district was occupied and used by the United States Army for the establishment of temporary military installations and a sewer main approximately 80 yards long was constructed from the sewage system in the improvement district to the sewer main line of the city and connection made thereto by the United States Army. The area was evacuated in 1944 and in that year 75 per cent of the area comprising the assessment district was annexed to the city under the provisions of the "Annexation Act of 1913." Lot 10 of Ardell Acres, a portion of which was owned by defendants, was not included in the petition for annexation or in the part of the area annexed to the city.

After the annexation, property owners within the city, in the area annexed, were permitted to use the sewer system and disposal plant of the plaintiff.

One of the sewer laterals which was connected to the sewage disposal plant of the city is located in the alley between Lots 6 to 10 inclusive, of Ardell Acres, and the center of the alley is the boundary line of the city limits.

In 1946, the defendants constructed a residence on the portion of Lot 10 of Ardell Acres owned by them, and caused a sewer line to be constructed from the house to the sewer lateral in the alley. A permit was obtained from the plumbing inspector of plaintiff to construct the sewer line from the residence to the lateral but no permit was secured from the city to connect to the lateral or to use it for the disposal of sewage. Defendants made the connection and have used the lateral for the disposal of sewage since on or about January 28, 1947.

The trial court granted an injunction against plaintiff restraining it from disconecting or interfering with the defendants' use of the sewer laterals and mains upon the condition that defendants pay a service charge in an amount determined by the court. Jurisdiction was retained by the court to adjust the service charge each year.

The plaintiff contends that the sewer system is the property of the city and that private property owners have no right to connect private sewers with a public sewer without the consent of the municipality.

It is well settled that cities have the power to construct and maintain sewers and to provide reasonable regula-

tions for the tapping and connection with such sewers. (*Harter v. Barkley,* 158 Cal. 742, 745 [112 P. 556].) In the present case, however, we are concerned with the regulation and use of a sewer system which the city did not construct nor purchase, a part of which is outside the boundaries of the municipal corporation. The position taken by the plaintiff is substantially that by the annexation proceedings the city became the owner of all the lines and laterals of the improvement district in the area annexed and became entitled to control the entire sewer system to the exclusion of defendants, whose property was assessed to pay for an undivided portion of all lines constructed in the improvement district.

The "Annexation Act of 1913" (Stats. 1913, p. 587, Deering's Gen. Laws, Act 5159) contains a provision to the effect that when the annexation is complete the annexed territory shall be to all intents and purposes a part of such municipal corporation. The act does not contain any provision concerning the transfer of title to improvements in annexed territory.

In the case of *Pixley* v. *Saunders,* 168 Cal. 152 [141 P. 815], the effect of the annexation of a part of a sanitary district by a municipality was under consideration. In that case the owners of the Pixley Ranch brought an action to restrain the defendant, as tax collector, from selling the ranch for delinquent taxes levied thereon by a sanitary district. At the time of the organization of the sanitary district the ranch was within the boundaries of the district. Thereafter the santiary district issued bonds for the purpose of constructing a sewer, and at the time of the levy of taxes, a portion of the principal of the bonds had not been paid. Subsequently the town of Larkspur was incorporated and the Pixley Ranch was included within its territorial limits. The town levied and collected taxes on the Pixley Ranch, the assessor of the sanitary district made his assessment of the property of the district, including the Pixley Ranch. The assessment on the Pixley Ranch was not paid and the assessor proceeded to sell the property. It was contended by the plaintiff that by reason of the inclusion of the Pixley Ranch within the limits of the town of Larkspur, the property had passed out of the control and jurisdiction of the sanitary district and that the proposed tax sale was without authority. The court upheld the validity of the tax and denied the injunction, saying, at page 160:

"For the reasons above stated, it is the conclusion of the court that in enacting the Sanitary District Acts, the legisla-

ture had in mind the sanitation of any territory which might conveniently be served by a single sysem, whether wholly unincorporated or not, and that a sanitary district formed under said act preserves its identity and retains its powers over the whole territory, except in the event of its complete absorption by a municipality.

The Improvement Act of 1911 (Stats. 1911, p. 730, Deering's Gen. Laws, 1931, Act 8199) provides a comprehensive scheme for the making of certain enumerated improvements, (including construction of sewers) upon streets, alleys, lanes, places or courts which are open or dedicated to public use. (19 Cal.Jur. 362.) The improvement must be a public one and it must confer an especial and local benefit upon the property which is to be assessed. (*Federal Construction Co.* v. *Ensign*, 59 Cal.App. 200, 212 [210 P. 536].)

The property of the defendants in the present action was assessed to pay a part of the cost of the entire sewer system within the improvement district. The assessments were paid and the bonds retired. Defendants acquired a right to the use of the system and a beneficial interest in the improvements, which could not be taken from them by the annexation of a part of the improvement district. If the property upon which the United States Army constructed the sewer main, 80 yards in length, had been annexed to the city, including, let us say, 5 per cent of the improvement district, according to plaintiff's contention, the city would own 5 per cent of the entire sewer system to the exclusion of all other property owners in the improvement district. The owners of 95 per cent of the property within the district would then be deprived of an outlet for the sewer system which was constructed and paid for by them. Such a contention cannot be successfully maintained in a court of equity.

The general rule is that upon the annexation of a portion of one public corporation to another public corporation the property lying in the annexed territory belongs wholly to the corporation to which it is annexed, and the annexed territory is freed from all obligation for the debts of the corporation to which it formerly belonged. (*Pixley* v. *Saunders, supra.*)

In the case of a school district the rule works no injustice because the transfer is nothing more, in effect, than the naming by the state of other trustees to manage the property which it owns. The beneficial title to the estate is not affected and the property is used for the same purposes as before the trans-

fer. (*Pass School Dist.* v. *Hollywood C. S. District,* 156 Cal. 416, 419 [105 P. 122, 20 Ann.Cas. 87, 26 L.R.A.N.S. 485].)

It would be impractical to apply the same rule to the sewer system of an improvement district, because all of its parts are so related to each other that the severance of one part would necessarily impair or destroy the usefulness of the other.

■ Plaintiff undoubtedly has the authority to require that the defendants comply with reasonable regulations with respect to the use of the city sewer system, including the payment of reasonable charges for the service rendered, but the city should not be permitted to arbitrarily refuse the defendants the right to the use of the system. In this connection it appears that the defendants have offered to pay a reasonable charge for use of plaintiff's disposal plant. The amount fixed by the trial court in this respect seems to us to be reasonable, and since the court retained jurisdiction, the service charges may be adjusted from time to time as the circumstances may warrant by proper proceedings in the lower court.

Judgment affirmed.

Barnard, P. J., and Griffin, J., concurred.