[Civ. No. 8621. Third Dist. June 10, 1954.]

THE MERRILL ELEMENTARY SCHOOL DISTRICT OF TEHAMA COUNTY, Appellant, v. JOSEPH C. RAPOSE, Respondent.

Rawlins Coffman for Appellant.

C. A. Stromsness, District Attorney, for Respondent.

VAN DYKE, P. J.—The Merrill Elementary School District of Tehama County has appealed from an order denying its petition in the superior court to have declared invalid certain proceedings taken to annex that district with Corning Union Elementary School District. It is the claim of appellant that the proceedings were fatally defective in that the governing provisions of the Education Code were not followed.

The facts are not in dispute. On the 24th of August, 1953, there was received by the respondent superintendent of schools of Tehama County a petition for annexation signed by the required number of qualified registered electors residing in the Merrill Elementary School District, hereinafter called "Merrill." Attached to this petition was a document signed by the required number of members of the board of trustees of Corning Union Elementary School District, hereinafter called "Corning," expressing the agreement or con-

sent of the signers to the annexation of Merrill. Acting upon these two documents, respondent called an election in Merrill, which was held September 8, 1953. A majority of votes was cast against annexation. On October 26th following, a second petition for annexation, signed by the requisite number of qualified electors of Merrill, was presented to respondent. It was not accompanied by any new consent or agreement to annexation by any members of the Corning board. Nevertheless, respondent treated the former consent as sufficient to qualify the second petition and proceeded to call a second election, which was held November 10, 1953. A majority of votes was cast for annexation. During all of this time no action had been taken by the board of trustees of Merrill, but on November 20th that board by a majority vote adopted a resolution declaring itself as opposed to the annexation. It was resolved that the board take immediate steps to establish the invalidity of the annexation proceedings.

Following this a petition was presented to the Superior Court of Tehama County, in which county both districts are situated. Responsive to original writs issued by that court, the superintendent of schools, respondent here, answered, asserting the validity of the annexation. After a hearing the superior court declared the proceedings to have been regular, annexation to have been effected, and entered its order denying any relief to the petitioner therein. From that order this appeal was taken.

"School districts of this state are public quasi municipal corporations. . . . Subject to such constitutional limitations as may exist, the power of the legislature over these public municipal corporations is plenary. It may divide, change, or abolish them at pleasure. . . .

. . . . . . . . . . .

". . . Public school property is held in trust for school purposes by the persons or corporations authorized for the time being to control such property, and . . . it is in the power of the legislature to provide for a change in the trusteeship of such property in certain contingencies presumably requiring such a change, or, indeed, to change the trustees of that class of property whenever it may choose to do so." (*Pass School Dist.* v. *Hollywood City School Dist.*, 156 Cal. 416, 418, 420 [105 P. 122, 20 Ann.Cas. 87, 26 L.R.A. N.S. 485].)

Our Constitution declares: "The Legislature shall have power, by general law, to provide for the incorporation and

organization of school districts, high school districts, and junior college districts, of every kind and class, and may classify such districts." (Cal. Const., art. IX, § 14.)

In view of the plenary legislative power we need look only, and we must look only, to the statutory scheme to test the validity of the proceedings here in question. The subject of annexation of a district to a union district is covered by article 4, chapter 9, division 2 of the Education Code, sections 2891 to 2895 of that article. These sections declare that any school district may be admitted to a union school district pursuant to said article "and upon such terms as may be agreed upon between its board of trustees and the board of trustees of the union . . . school district." (§ 2891.) It is required that a majority of the registered electors residing in the district to be annexed and who have children enrolled in any elementary school shall present to the county superintendent of schools a petition for annexation. This petition "shall be accompanied by an agreement to the annexation, signed by a majority of the members composing the board of trustees of the union . . . district to which admission is desired." (§ 2893.) "If a majority of the votes cast is in favor of the annexation, the annexation is complete." (§ 2895.)

The only contention of Merrill is that an agreement between its board of trustees and the board of trustees of Corning is necessary to annexation. Admittedly, no such agreement was executed. We think the code sections will not bear this interpretation. ▮ It is quite clear that no consent to annexation is required of the board of trustees of the district to be annexed. The question of whether or not annexation shall take place, along with the resolution of the advantages or the disadvantages of annexation as affecting both districts is expressly committed to the trustees of the union district upon the one hand and to the electors of the district which it is proposed to annex, on the other. This is clear from a reading of the sections. ▮ One thing and one thing only is committed to the board of trustees of the district seeking admission to the union and that is the matter of executing with the board of trustees of the union district an agreement setting forth "such terms as may be agreed upon in the matter of the annexation." But this requirement does not mean that Merrill's board of trustees had any part to play in deciding whether or not annexation should

take place. Their function was this only: If a majority of the trustees of Corning consented to annexation and if a majority of the electors at the election voted for annexation a duty was immediately cast upon Merrill's board to accept the decision made by those required to make it that annexation should occur and to proceed to agree with Corning's board of trustees upon such terms of annexation as those two bodies under the law might have authority to agree upon. It is true that a more than casual search of the Education Code reveals that the statutory scheme for the combining and division of school districts fixes the terms under which such combinations and separations shall take place, and it is difficult to conceive of any matters that might be considered terms of annexation which are committed to the boards of trustees. Assuming that there may be such matters, yet there is no reason for holding that those boards, by failing or refusing to agree upon terms, may defeat annexation. We hold, therefore, that, so far as any required action of the board of trustees of Merrill be concerned, their failure to act did not invalidate the annexation proceedings.

There being no other contention for invalidity, the order appealed from is affirmed.

Peek, J., and Schottky, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 4, 1954.