[Civ. No. 16067.   First Dist., Div. One.   Dec. 1, 1954.]

JEFFERSON UNION SCHOOL DISTRICT OF SANTA
CLARA COUNTY, Appellant, v. THE CITY COUNCIL
OF THE CITY OF SUNNYVALE et al., Respondents.

Burnett, Burnett & Somers for Appellant.

Elizabeth C. McDonald, City Attorney, and Kirkbride, Wilson, Harzfield & Wallace for Respondents.

WOOD (Fred B.), J.—The appellant school district instituted these proceedings in mandamus and in certiorari against the respondent city, questioning the legality of the adoption of a resolution by the city council on March 17, 1953, proposing the annexation of certain territory under the Annexation of Uninhabited Territory Act of 1939 (Gov. Code, §§ 35300-35326 and §§ 35000-35003*). From a judgment in favor of the city, the district has appealed.

(1). *Did the city council have jurisdiction to adopt*

---

*Section 35004 was added by Stats. 1953, ch. 1284, p. 2840; section 35006 was added and section 35307 was amended by Stats. 1953, ch. 1251, p. 2812; each effective September 9, 1953, subsequent to the events here involved.

*the resolution in view of the fact that the petition for annexation was circulated and signed before it was submitted to and reported upon by the county boundary commission* even though such submission and report occurred prior to such action by the city council?

The question is posed by section 35002 of the Government Code: "No petition seeking the annexation of territory to a city shall be circulated or filed, nor shall any public officer accept any such petition for filing, nor shall any legislative body initiate proceedings to annex on its own motion, until the proposal for the annexation of territory to a city has been submitted to and reported upon to the proponents by the boundary commission of the county with respect to the definiteness and certainty of the proposed boundaries.

"If the boundary commission does not report upon the petition or proceeding within 20 days after it is submitted to it, the petition or proceeding shall be deemed correct."

When, as in the instant case, a city council has received an appropriate petition bearing the signatures of a sufficient number of landowners and a report of the county boundary commission that the proposed boundaries described in the petition are definite and certain, it would seem an idle and useless act to return the petition to the proponents for resignature by the petitioners and resubmission to the council. The purpose of the statute has in fact been accomplished without such recirculation and resubmission.

We do not think that the Legislature intended to make any such requirement when it added section 35002 to the code and amended section 35301 to make it applicable to the Annexation of Uninhabited Territory Act of 1939.† It did not prescribe any penalties for noncompliance with the requirements of section 35002. The consequences of noncompliance it left to inference. It did not even declare the consequences of a report when the commission finds the proposed boundaries are indefinite and uncertain. It dispensed with the report if not filed within 20 days.

█ It would seem that the provisions of section 35002 are directory, not mandatory, in accordance with the principle enunciated in *Skelly Estate Co.* v. *San Francisco,* 9 Cal.2d 28, 33 [69 P.2d 171], that statutory provisions "which have been enacted as a guide to orderly proceedings and which, from the intent of that legislature gathered from the provi-

---

†See Stats. 1951, ch. 963, p. 2578.

sions of the act and the end sought to be accomplished thereby are not mandatory, are merely directory''; at least to the extent of the noncompliance here involved. We need not, for example, consider what the consequences might have been if the city council had acted without submitting the petition to the boundary commission or if the commission had filed an adverse report. ▇ As observed recently by this court in an opinion written by Presiding Justice Peters, concerning the procedural requirements of the Annexation Act of 1913 (Gov. Code, §§ 35100-35158), the ''courts should not so technically construe such statutes as to compel absolute and literal compliance with every word contained therein, because to do so, in many cases, would result in defeating the will of the majority in situations where no one was or could be misled.'' (*People* v. *City of San Bruno*, 124 Cal.App.2d 790, 794 [269 P.2d 211].)

▇ Appellant directs attention to the fact that section 35002 uses the verb ''shall'' and claims that the definition in section 14 of the Government Code requires us to treat that word as ''mandatory.'' It happens that section 14 is modified by section 5 of the code. It declares that the definitions found among the ''general provisions,'' including section 14, of the code shall govern the construction of the code *unless* ''the provision or the context otherwise requires.'' As we have seen, the context does otherwise require, to the extent at least that there has been a technical noncompliance in this case.

▇ (2) *Is appellant a proper party plaintiff? Yes.*

Whether we view this as a proceeding in certiorari or in mandamus, the plaintiff is a ''party beneficially interested'' as that expression is used in section 1069 of the Code of Civil Procedure in relation to certiorari and in section 1086 in relation to mandamus.

The proposed annexation, if successful, will automatically remove the annexed territory from the school district and from its tax rolls. (See *City of El Cajon* v. *Heath*, 86 Cal. App.2d 530, 534 [196 P.2d 81].) If the city council lacked jurisdiction to adopt the questioned resolution, it is very much to the interest of the school district to obtain an early determination to avoid the confusion and loss of revenue that otherwise might ensue.

▇ (3) *Mandamus is a proper remedy to compel the city council to terminate proceedings under the Annexation of Uninhabited Territory Act of 1939,* prior to the time when

quo warranto becomes available. (*American Distilling Co. v. City Council, Sausalito*, 34 Cal.2d 660 [213 P.2d 704, 18 A.L.R.2d 1247].) ▮ *Certiorari is a proper remedy to test the validity of annexation proceedings under that statute.* (*City of Anaheim* v. *City of Fullerton*, 102 Cal.App.2d 395 [227 P.2d 494].)

The judgment is affirmed.

Peters, P. J., and Bray, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied January 26, 1955. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.