[Civ. No. 17912. First Dist., Div. One. Feb. 18, 1959.]

MOUNTAIN VIEW UNION HIGH SCHOOL DISTRICT OF SANTA CLARA COUNTY, Appellant, v. CITY COUNCIL OF THE CITY OF SUNNYVALE et al., Respondents.

MOUNTAIN VIEW SCHOOL DISTRICT OF SANTA CLARA COUNTY, Appellant, v. CITY OF SUNNYVALE et al., Respondents.

Atkinson, Farasyn & London and Marlais & Hover for Appellants.

Frank Gillio, City Attorney, Robert P. Berkman and Robert E. Hayes for Respondents.

BRAY, J.—Two causes involving substantially the same issues were consolidated for trial. Plaintiffs are two school districts, one a high school and the other an elementary district. The issues are practically the same. Plaintiffs appeal from judgments in favor of defendants entered upon orders sustaining demurrers without leave to amend.

## Questions Presented

Whether territory called "Guadalupe No. 2" when annexed to the city of Sunnyvale resulted in the withdrawal of that territory from the two plaintiff school districts and inclusion in the defendant school districts. Corollary to this question are the following:

1. Do sections 2421 and 2421.5 of the Education Code apply to the city of Sunnyvale?

2. Was section 2421.5 complied with?

3. Is section 2421.5 unconstitutional?

## Facts

At the request of Lockheed Aircraft Corporation, the city of Sunnyvale commenced and carried to completion proceedings for the annexation to it of the unincorporated territory known as Guadalupe Number 2, owned by the corporation. The proceedings were under the Annexation of Uninhabited Territory Act of 1939, section 35300 et seq., Government Code. In the Resolution of Intention was a provision "That pursuant to Section 2421.5 of the Education Code of the State of California, said territory proposed to be annexed shall become part of the Sunnyvale School District of Santa Clara County." During the proceedings and at the time set for protests, both plaintiffs filed written and made oral protests to inclusion of the territory within defendant school districts. The city rejected the protests and in its ordinance Number 487 annexing said territory it provided "That the territory so annexed shall become part of the Sunnyvale School District of Santa Clara County." Thereafter plaintiff Mountain View School District filed action for writs of certiorari, mandamus and declaratory relief, and plaintiff high school district filed action for writ of injunction and declaratory relief. Demurrers to both causes of action were sustained with leave to amend. Demurrers to the amended complaints were sustained without leave to amend, and judgments of dismissal entered, from which these appeals are taken.

### 1. *Sections 2421 and 2421.5.*

Section 2421 provided: [1]"Except as provided in Section 2421.5 every city, except cities of the sixth class, unless otherwise prescribed in its original city charter, constitutes a sepa-

---

[1]This section and section 2421.5 are considered as they read at the time of the annexation proceedings. Both were amended in 1957.

rate school district which shall be governed by the board of education or board of school trustees of the city . . .''

Section 2421.5, subdivision (c), states: ''Territory annexed to a city which is contiguous to a city school district within such city, except as otherwise provided in subdivision (b) . . . shall not become part of any elementary, high school, junior college, or any other school district within said city as provided in Section 2421 unless proceedings'' are had in the manner prescribed in this code, or unless the resolution of intention to annex ''contains a statement that the annexed territory shall become part of the school district of the city.'' The provisions of these subdivisions apply to territory proposed to be annexed to a city in which territory is situated any school district or part thereof. The provisions do not apply to sixth class cities.

 Plaintiffs contend that Sunnyvale is a sixth class city and hence sections 2421 and 2421.5 do not apply. However, although originally a sixth class city prior to 1949, Sunnyvale in that year adopted a charter, section 17037 of which provides: ''Boundaries. The boundaries of the Sunnyvale School District shall be as the same are now presently constituted together with all territory presently within the city limits of the City of Sunnyvale and *as the same may be changed by annexation or otherwise.*'' (Emphasis added.)

Section 8½, article XI, California Constitution, granting cities authority to adopt charters, provides that a charter may provide ''for the manner in which, the times at which, and the terms for which the members of boards of education shall be elected or appointed, for their qualifications, compensation and removal, and for the number which shall constitute any one of such boards.''

Strictly speaking, Sunnyvale, because of its charter, is not a sixth class city. However, as pointed out by Professor Peppin in his series of articles on Municipal Home Rule in California (30 Cal. L. Rev. 1, 304), a city may be designated as a certain ''class'' of city for purposes of the Classification Act and of another class for other purposes. When a city adopts a charter it is no longer subject to the provisions of the Municipal Corporation Bill (now Gov. Code, § 34000 et seq.) to which as a certain class city it was theretofore subject. Section 8, subdivision (g), article XI, of the Constitution provides that a duly adopted charter ''shall become the organic law of such city . . . and supersede any existing charter and all laws inconsistent therewith.'' See *People* v. *Bagley* (1890), 85 Cal.

343 [24 P. 716], holding that when the city of Stockton duly adopted its charter it ceased to exist as a fourth class city.

There appears to be no case interpreting section 2421 or its predecessor section 1576, Political Code, with respect to the instant problem. The Municipal Corporation Bill provided for school districts in all classes of cities except sixth class. This omission indicates that the Legislature did not intend school departments to be established in conjunction with such cities. Hence the exemption in section 2421. But since Sunnyvale's charter provides for a school district, there is no reason why it should be exempted from the application of the section. Since the Constitution authorizes charters to provide for school boards it logically follows that a chartered city should contain a school district for the school board to govern, and that annexed territory should also become part of the annexing city's school district. Prior to the enactment of section 2421.5 in 1953, territory annexed by a chartered city automatically was annexed to its school district. The effect of section 2421.5 was merely to create procedures, or, more properly, conditions precedent through which the territory was also annexed to the school district.[2]

It should be pointed out that in chartered cities of any class, having a city school department, a most anomalous situation could result if in the annexed territory, which after annexation is as much a part of the city as the older territory, there should continue to be a school district or districts completely independent of the city's school department, unless for some reason the city's best interests require that there be no merger.

---

[2]The attorney general in 9 Opinions Attorney General 133 (1947) rendered an opinion to the effect that a school district in territory annexed to Santa Rosa, a chartered city having a charter provision concerning annexing school districts similar to that of the Sunnyvale charter, became a part of the Santa Rosa School District by operation of law. In 8 Opinions Attorney General 46 (1946) the attorney general ruled that upon the annexation by a sixth class city (unchartered) of contiguous territory constituting a part of a school district apart from the area of a school district coterminous with or which includes the city, the added territory remains a part of the school district of which it was a part prior to the annexation. The Legislature amended section 2421 and enacted section 2421.5 since said attorney general's opinions. (There have been other opinions since to the same effect.) That the Legislature was then aware of the construction of section 2421 by the attorney general is a factor which may be considered in applying the statute (*Southwest Explor. Co.* v. *County of Orange* (1955), 44 Cal.2d 549, 555 [283 P.2d 257], and while not controlling the attorney general's opinions are accorded substantial weight by the courts (*Carter* v. *Commission on Qualifications of Judicial Appointments* (1939), 14 Cal.2d 179, 185 [93 P.2d 140].)

In *Mitchell* v. *Henry* (1920), 184 Cal. 266 [193 P. 502], the court, by way of dicta, as the point was not involved, stated with reference to section 1576, Political Code (p. 269) : ''. . . a not unreasonable construction of the code section is, that by it the annexed territory is upon annexation *ipso facto* taken out from the school district of which it was before a part and made part of the district of which the city is either the whole or a part. This, in fact, would seem to be the probable effect in the case of the annexation of territory to a city other than one of the sixth class. . . .

''It may be said that the reason for the distinction which the portion of the section just quoted makes between cities of the sixth class and others is that the former do not have school departments as parts of their organizations . . .''

See also *Pass School Dist.* v. *Hollywood etc. Dist.* (1909), 156 Cal. 416, 418 [105 P. 122, 20 Ann.Cas. 87, 26 L.R.A.N.S. 485] ; *Jefferson Union Sch. Dist.* v. *City Council* (1954), 129 Cal.App.2d 264, 267 [277 P.2d 104].

Plaintiffs ingeniously argue that section 2421 should be read in effect as follows : ''. . . every city (unless otherwise prescribed in its original city charter) except cities of the sixth class, constitutes a separate school district . . .'' Plaintiffs contend further that a city of the sixth class which adopts a charter still remains a city of the sixth class, and no provision can be made in its charter to constitute the city a separate school district. We believe that the proper construction of the section, in view of the fact that sixth class cities historically have not had and do not now have a separate school district, is that the provision concerning city charters attaches to ''sixth class cities'' and not to ''every city.'' Plaintiffs also contend that the phrase ''original city charter'' refers to the original incorporation of cities under the Municipal Corporation Bill and not to special charters. We are unable to agree with that construction.

2. *Compliance.*

 Plaintiffs contend that where the territory to be annexed is included in or part of any other school district, the provisions of subdivisions (a), (b) and (c) of section 2421.5 must *all* be complied with. This contention is based upon the following paragraph at the end of subdivision (c) : ''The provisions of subdivision (a), (b), or (c) of this section, as the case may be, apply for territory proposed to be annexed to a city in which territory is situated any school district or part of any school district.'' An examination of those subdivisions

shows the fallacy of the argument. Subdivision (a) provides: "Territory annexed to a city *which is not contiguous* to a school district within the city shall not become a part of any school district within such city pursuant to Section 2421." (Emphasis added.) Obviously this subdivision does not apply to the territory annexed to Sunnyvale for the reason that the territory annexed is contiguous to Sunnyvale's school district. Subdivision (b) provides: "Territory annexed to a city which is *part of a unified school district* shall not become a part of any school district within the city pursuant to section 2421 . . ." (Emphasis added.) Obviously this subdivision does not apply as the territory annexed was not a part of a unified school district. Subdivision (c) provides: "Territory annexed to a city which is *contiguous to a city school district* within such city" (emphasis added) shall not become a part of the school district within the city unless the "resolution required by Section 35306 of the Government Code in proceedings for the annexation of uninhabited territory contains a statement that the annexed territory shall become part of the school district of the city."[3] The resolution required by that section provided "That pursuant to Section 2421.5 of the Education Code of the State of California, said territory proposed to be annexed shall become part of the Sunnyvale School District of Santa Clara County." Thus, at least, insofar as the annexation of Mountain View School District, the elementary school district, to the Sunnyvale School District, also an elementary school district, is concerned, section 2421.5 was fully complied with.

A reading of the subdivisions of section 2421.5 clearly shows that it would be impossible in any annexation to come within all three subdivisions and that the language that the provisions of subdivisions (a), (b) and (c) apply "as the case may be" means as the territory to be annexed comes within the particular subdivision.

■ Sunnyvale School District is a part of the Fremont Union High School District. Plaintiffs urge that as the resolution of intention to annex did not mention explicitly the Fremont district the annexation was limited to the elementary school district and therefore section 2421.5 was not complied with. However, Sunnyvale School District is itself a component part of the Fremont district. Section 3892, Education

---

[3]The territory annexed here was uninhabited and the proceedings were those initiated by the resolution required by section 35306 of the Government Code.

Code, provides: "Except as otherwise provided in this code, a school district shall not lie partly within a high school district and partly without." Section 3893: "In all cases where the boundaries of a school district comprised within any high school district are for any cause changed to include territory not previously in the school district, the territory added to the school district shall become and constitute a part of the high school district." Section 3894: "In all cases where the boundaries of the school district comprised within any high school district are changed so as to exclude territory from the district, the excluded territory shall, except as provided in this article, be excluded from the high school district." Section 3895: "Where a new school district is formed from territory situated wholly within one high school district, the new school district shall continue to be a part of the high school district." Here is a set of code sections obviously intended to cover every situation in which, in its relation to the territory in which it is situated and to high school districts, a school district may find itself. In each situation the school district is required to be in the high school district of which it is territorially a part. Section 3893 clearly states that when, as here, the boundaries of a school district are for any cause changed to include a school district not theretofore within the first district, the included district becomes a part of the high school district in which the annexing district is located. Therefore, when the annexed territory became a part of the Sunnyvale School District, which itself was a part of Fremont High School District, the annexed territory automatically became a part of the Fremont district. Subdivision (c) of section 2421.5 must be construed together with the above mentioned sections, particularly section 3893. Any other interpretation would produce the anomalous and confusing situation of part of one municipal school district being in one high school district and part in another, a situation expressly forbidden by section 3892, Education Code. Section 2421.5 was fully complied with.

3. *Constitutionality.*

 Plaintiffs refer to the fact that prior to the enactment of section 2421.5 the change in school district boundaries in an annexation by a city other than that of the sixth class resulted by operation of law without any discretionary act by the city involved and was not objectionable, and contend that in section 2421.5 the Legislature vested in a city an uncontrolled discretionary power to provide for the change of school

district boundaries by an affirmative act thereby divesting the Legislature of its power and thereby violating section 1, article IV (vesting the legislative power in the state Legislature) and section 14, article IX (vesting in the Legislature the responsibility for the organization and management of school districts) of the state Constitution. The issue is simply whether section 2421.5 is unconstitutional because it constitutes a delegation of legislative power without adequate standards.

The power of the Legislature in school matters is plenary. (See cases cited in footnote 11, 43 Cal.Jur.2d 631.) Section 2421.5 does not vest uncontrolled discretion in the Sunnyvale City Council but merely establishes a condition precedent to the annexation by operation of law. The section does not authorize anyone to change school district boundaries.

It was said in an early case that the power to change the boundaries of a school district is of legislative origin and whether exercised by the Legislature or delegated to a local legislative body is in its exercise a legislative act. (*Hughes* v. *Ewing* (1892), 93 Cal. 414, 417 [28 P. 1067].) In *Worthington S. Dist.* v. *Eureka S. Dist.* (1916), 173 Cal. 154, 156 [159 P. 437], the court referred to the plenary power of the Legislature over school districts and added that the Legislature may divide, change or abolish such districts at its pleasure and delegate powers of annexation to boards of supervisors under certain conditions. These basic views have been mentioned by recent cases. (*Hammond Lbr. Co.* v. *Board of Supervisors* (1948), 85 Cal.App.2d 568, 571 [193 P.2d 503]; *Merrill etc. School Dist.* v. *Rapose* (1954), 125 Cal.App.2d 819, 820 [271 P.2d 522].)

The determination by the city council that the territory to be annexed shall be included in the city school district and the placing of a statement to that effect in the resolution of intention to annex are the events upon which the legislative will operates, and hence is a lawful delegation of the legislative power. If a further yardstick is necessary it is provided by the requirements of the statutes providing the procedure for annexation. The Annexation of Uninhabited Territory Act of 1939 requires that the resolution giving notice of the proposed annexation shall give notice of a time to hear protests and that the resolution shall be published as prescribed. This, of course, includes an opportunity to protest against inclusion in the city school district. Inherent in the proceedings is the requirement that the council find as it did here, that such

annexation is for the best interests and general welfare of the city.

In *City of El Cajon* v. *Heath,* 86 Cal.App.2d 530 [196 P.2d 81], the court, speaking of the general rule that upon annexation of a portion of one public corporation to another public corporation the property lying in the annexed territory belongs wholly to the corporation to which it is annexed, said (p. 534) : "In the case of a school district the rule works no injustice because the transfer is nothing more, in effect, than the naming by the state of other trustees to manage the property which it owns." In *Jefferson Union Sch. Dist.* v. *City Council, supra,* 129 Cal.App.2d 264, in discussing the legality of the resolution of intention to annex certain territory, this court said : "The proposed annexation, if successful, will automatically remove the annexed territory from the school district and from its tax rolls." (P. 267.) Section 2421.5 is not unconstitutional. In view of our decision on this point we deem it unnecessary to consider defendants' contention that plaintiffs have no standing to raise the question of constitutionality.

The judgments are affirmed.

Peters, P. J., and Wood (Fred B.), J., concurred.

A petition for a rehearing was denied March 20, 1959, and appellant's petition for a hearing by the Supreme Court was denied April 15, 1959. Peters, J., did not participate therein.