Sandra GREENLOW, Plaintiff,

v.

The CALIFORNIA DEPARTMENT OF BENEFIT PAYMENTS et al., Defendants.

Civ. S–75–108.

United States District Court, E. D. California.

Jan. 16, 1976.

---

James L. Long, Sacramento, Cal., for plaintiff.

Carol Hunter, Deputy Atty. Gen., Sacramento, Cal., for defendants.

## MEMORANDUM AND ORDER

WILKINS, District Judge.

Plaintiff, formerly a Junior Staff Analyst with the California Department of Benefit Payments (Department), brings this action seeking to redress her discharge from that Department. In addition to the Department, several of its officers and supervisors have been named as defendants in the instant case. Plaintiff seeks, *inter alia,* reinstatement, back pay, and attorney's fees; she contends that this Court has jurisdiction pursuant to 28 U.S.C. §§ 1343(4), 2201, 2202; 42 U.S.C. § 1983, and Title VII of the Civil Rights Act of 1964, as amended by the Equal Employment Act of 1972, 42 U.S.C. § 2000e, *et seq.*

Currently before the Court are two motions by the defendants; a motion to dismiss the complaint, and in the alternative, a motion for summary judgment.

Certain background material is required for an understanding of this case. Plaintiff was hired by the Department July 31, 1974. She was assigned to the Program Review Bureau of the Department and came under the supervision of Ron Thoreson, one of the individual defendants in this action. Plaintiff alleges that under his supervision she was forced to suffer various personal indignities because of her race and color. On December 10, 1974, plaintiff complained about Thoreson's conduct to his supervisor. Also on that day plaintiff filed discrimination charges against the Department with the Equal Employment Opportunity Commission (EEOC). On December 27, 1974, plaintiff advised defendant Thoreson by letter that she was pursuing her rights under Title VII by going to the EEOC. On December 31, 1974, plaintiff filed another charge with the EEOC; in this charge plaintiff alleged that she was being retaliated against for having filed the prior charge with the EEOC. On January 6, 1975, plaintiff was fired; she informed the EEOC of this fact on January 10, 1975. She received a right to sue letter from the Department of Justice dated January 30, 1975, and instituted the current action February 6, 1975.

## I. MOTION TO DISMISS

### A. *Title VII Action*

■ Defendants contend that plaintiff's Title VII action should be dismissed because the plaintiff failed to comply, or allege compliance with, the statutory and administrative prerequisites to the filing of an action under Title VII. 42 U.S.C. § 2000e–5(c) provides in part:

(c) In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon re-

ceiving notice thereof, no charge may be filed under subsection (b) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated . . . .

The purpose of this provision is to "avoid federal action whenever possible by making the state a partner in the enforcement of Title VII." *EEOC v. Wah Chang Albany Corp.*, 499 F.2d 187, 189 (9th Cir. 1974). As indicated by this provision, the deferral requirement is dependent upon state law and procedure; consequently deferral is not required in all instances. Since failure to allege resort to deferral procedures is consistent either with a position that deferral procedures are not required or a concession that they have been bypassed, plaintiff's failure to allege compliance with this section is not fatal to her complaint. *Wah Chang, supra* at 190.

As noted earlier, plaintiff did not file her original race-based complaint with any state agency; she filed it in the first instance with the EEOC. Although it is not clear from the record, it appears that the EEOC in turn referred the complaint to the California Fair Employment Practice Commission (FEPC). This referral was made by the EEOC in order to comply with § 2000e–5(c); it has been expressly approved by the Supreme Court that the EEOC may act on behalf of a complainant in order to effect compliance with this provision. *Love v. Pullman*, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972). Plaintiff's second and third complaints filed with the EEOC—claims of retaliation—were apparently not forwarded by the EEOC to the FEPC pursuant to an agreement between the two agencies. By the terms of this agreement, the FEPC expressly waived jurisdiction over, *inter alia*, complaints concerning alleged retaliation for the prior filing of a complaint with the EEOC. After the EEOC determined that it would not be able to investigate and conciliate plaintiff's charge within the time period allowed, it issued a right-to-sue letter to plaintiff. 42 U.S.C. § 2000e–5(f)(1).

Defendants challenge the above outlined procedure, contending first, that neither had the state proceedings been terminated at the time the EEOC asserted jurisdiction over the charge, nor had 60 days elapsed from the commencement of the state proceedings. See 42 U.S.C. § 2000e–5(c). Defendants next contend that even if the time provisions of § 2000e–5(c) were complied with, this Court has no jurisdiction over the complaint for the reason that plaintiff's retaliation charges should have been deferred to the State Personnel Board (SPB) (or filed there in the first instance) by plaintiff notwithstanding EEOC's agreement concerning retaliation complaints with the FEPC.

█ Defendants' first contention is without merit. Plaintiff's cause of action under the Civil Rights Act of 1964 is based only upon the retaliation provision, section 704(a) of the Act, 42 U.S.C. § 2000e–3(a), and not upon the provisions outlawing racial discrimination. That provision reads in part as follows:

It shall be an unlawful employment practice for an employer to discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter. 42 U.S.C. § 2000e–3(a).

We are not dealing in this action with the merits of plaintiff's racial discrimination complaint referred by the EEOC to the FEPC; we are only concerned with the subsequent retaliation charges. As to these charges, the state proceedings before the FEPC have been effectively terminated. The blanket waiver by the FEPC insures that plaintiff will never have a chance to have this aspect investigated by the FEPC. Furthermore, the policy of state participation is not offended where, as here, the state agency declines to assert jurisdiction over a particular charge. *See Love v. Pullman, supra* (waiver by state commission seven days after charge forwarded by

EEOC). Finally, there is some authority to the effect that the FEPC is not empowered to investigate retaliation complaints. *Bauman v. Union Oil Company,* 6 EPD ¶ 8759 (N.D.Cal.1973) (CCH Empl.Prac.). Where the state agency has no power to investigate a particular type of complaint, deferral to that agency is not required. 42 U.S.C. § 2000e–5(c); *McDonald v. General Mills,* 387 F.Supp. 24, 28 (E.D.Cal.1974).

Since the waiver by the FEPC of the retaliation charges constituted termination within the meaning of § 2000e–5(c), consideration must be given to defendants' second contention, that the charge should have been referred to (or filed with, by plaintiff) the SPB. We reject at the outset plaintiff's contention that the SPB could be bypassed because it has not qualified as a "706 agency" within the meaning of the EEOC procedural regulations, 29 CFR § 1601.12. In the words of the Act (§ 2000e–5(c)), we need only find that the SPB is "a State or local authority [authorized] to grant or seek relief" from the practice of which plaintiff complains. *See EEOC v. Union Bank,* 408 F.2d 867 (9th Cir. 1969) (wage discrimination claim referred to California Division of Industrial Welfare).

The SPB, a state board of constitutional origin,[1] is given broad powers with respect to state employees by the California Government Code. Cal. Gov't. Code § 18670 provides in part that "the board shall make investigations and hold hearings . . . upon the petition of an employee" to enforce the pertinent provisions of the Government Code. Cal. Gov't. Code § 19175 confers upon the board the power to investigate the rejection from service of any probationary employee. Probationary employees may be rejected as specified in Cal. Gov't. Code § 19173, but that statute explicitly specifies that no probationer shall be "rejected for any cause constituting prohibited discrimination as set forth in Sections 19700 to 19703, inclusive." Section 19702 prohibits discrimination based upon a person's "sex, race, religious creed, color, national origin, ancestry, or marital status."

In addition § 19702.1 provides that "[h]iring and promotion pursuant to this part shall conform to the Federal Civil Rights Act of 1964." Thus, the State Personnel Board, unlike the FEPC (*see Bauman, supra*) does have the authority to investigate complaints of retaliation under § 704(a) of the Civil Rights Act of 1964. Furthermore, retaliation is explicitly prohibited by § 19702.1 of the Government Code for use as a basis for rejection of a probationary employee. It appears therefore, that plaintiff's recourse should have been to the SPB rather than to the FEPC, since it is a State authority which has power to investigate § 704(a) claims.

Support for this conclusion comes from an opinion of the California Attorney General, 56 Op.Cal.Att'y Gen. 217 (1973). In that opinion, the Attorney General considered the question whether the SPB had exclusive jurisdiction with respect to any matter concerning the examination and selection process of civil service personnel.

A possible conflict between the FEPC and the SPB as a result of the enactment of the Career Opportunity Development Act, Cal.Unemp.Ins.Code § 12001 *et seq.* provided the impetus for the opinion. Section 12002(c) of that Title provides certain requirements of the SPB in achieving the "Program," one of which is found in subdivision (c):

Reexamination of civil service testing and selection requirements and practices to insure that such requirements and practices are in conformance with the standards for testing and selection adopted by the California Fair Employment Practices Commission.

The opinion of the Attorney General held that if compliance with this section were questioned, the SPB and not the FEPC would be the proper forum to resolve the question. This conclusion was grounded upon the language in Calif.Const. Art. XXIV, § 3(a), which was construed to grant "primary and exclusive" jurisdiction to the SPB to hear and consider any matter with

---

1. Cal.Const. Art. XXIV § 2.

respect to the selection and examination process of civil service personnel. Although this opinion does not expressly deal with the question in the case at bar the language indicates the primary remedy for aggrieved state employees is the SPB. See 56 Op.Cal. Att'y Gen. at 219. Since the opinion of the California Attorney General, although not controlling, is entitled to great weight in the interpretation of California law, e. g., *Phyle v. Duffy,* 334 U.S. 431, 68 S.Ct. 1131, 92 L.Ed. 1494 (1948); *Mountain View Union High School Dist. v. City Council,* 168 Cal. App.2d 89, 335 P.2d 957 (1959), we find this opinion persuasive authority that plaintiff's claim of retaliation should have been considered by the SPB prior to the assertion of jurisdiction by the EEOC.[2]

 The defendants claim that another, independent basis exists for the dismissal of plaintiff's Title VII claim. They contend that the action is barred by the Eleventh Amendment to the United States Constitution. Although this contention may have merit with respect to back pay and damages sought against the State, see e. g., *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974); *Fitzpatrick v. Bitzer,* 519 F.2d 559 (2d Cir.), *review granted,* 423 U.S. 1031, 96 S.Ct. 561, 46 L.Ed.2d 404, 44 U.S.L.W. 3354 (1975), prospective relief is not barred by the strictures of the Eleventh Amendment. *Edelman v. Jordan, supra*; *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908). Two considerations compel this Court that resolution of the back pay and damage question would not be proper at this time. First, a decision on this issue does not affect the Court's jurisdiction since prospective relief is available. Second, in view of the fact that plaintiff must first proceed with her state remedies on the Title VII claim, a decision on this aspect may be obviated by the decision of the SPB, and thus would be premature.

### B. Section 1983 Action

In this aspect of the complaint plaintiff seeks to hold liable individual members of the Department. Defendants posit two main challenges to the maintenance of the 1983 action. Defendants first contend that this action is in essence against the State of California, and hence is barred by the Eleventh Amendment. Second, defendants contend that they are immune from suit. Neither has merit; accordingly this part of the motion to dismiss is denied.

We believe that these arguments are foreclosed by the recent Supreme Court case in *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). In *Scheuer,* an action against officials of the State of Ohio for civil damages because of the officials' actions concerning the violence at Kent State, the Court stated the issue as follows:

> We granted certiorari in these cases to resolve whether the District Court correctly dismissed civil damage actions, brought under 42 U.S.C. § 1983, on the ground that these actions were, as a matter of law, against the State of Ohio, and hence barred by the Eleventh Amendment to the Constitution and, alternatively, that the actions were against state

2. Since the FEPC is empowered to investigate racial discrimination claims, we intimate no view whether that claim now pending before the FEPC should have been referred to the SPB instead. The fact that we are relegating the plaintiff to a hearing prior to continuing this action does not mean that we should dismiss this case; *EEOC v. Wah Chang Albany,* 499 F.2d 187, 189 (9th Cir. 1974); *Oubichon v. North American Rockwell Corp.,* 482 F.2d 569, 571 (9th Cir. 1974); *Motorola Inc. v. EEOC,* 460 F.2d 1245 (9th Cir. 1972), rather we will retain jurisdiction for a sufficient period to allow plaintiff to seek relief through the appropriate state agency.

We recognize, however, that there are substantial res judicata problems lurking in the background. The Ninth Circuit has held that decisions of a state court of limited jurisdiction are to be accorded res judicata effect in federal court in a subsequent § 1983 action. *E. g., Francisco Enterprises Inc. v. Kirby,* 482 F.2d 481 (9th Cir. 1973). The SPB has such a status. *See e. g., Shepard v. State Personnel Board,* 48 Cal.2d 41, 307 P.2d 4 (1957); *Boren v. State Personnel Board,* 37 Cal.2d 634, 234 P.2d 981 (1951). We have found, in our research, no cases arising under §§ 2000e *et seq.* which have addressed this question, and consequently, we intimate no view on the matter.

officials who were immune from liability for the acts alleged in the complaints.

416 U.S. at 233, 94 S.Ct. at 1685, 40 L.Ed.2d at 95.

The Court continued:

Fairly read, the complaints allege that each of the named defendants, in undertaking such actions, acted either outside the scope of his respective office or, if within the scope, acted in an arbitrary manner, grossly abusing the lawful powers of office.

*Id.* 416 U.S. at 235, 94 S.Ct. at 1686, 40 L.Ed.2d at 96.

In *Scheuer,* the Supreme Court held that none of the defenses asserted would be successful on a motion to dismiss the complaint. First, the Supreme Court recognized that the Eleventh Amendment bars a suit against a state not only when the state is a named party, but also when it is a party in fact. *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945). Nevertheless, the Court held that no solace was provided to defendants because "the Eleventh Amendment provides no shield for a state official confronted by a claim that he had deprived another of a federal right under the color of state law." *Scheuer, supra,* 416 U.S. at 237, 94 S.Ct. at 1687, 40 L.Ed.2d at 97. The court further held that there may be instances in which damages against individual defendants are a permissible remedy notwithstanding the fact that they may also hold public office. *Id.*

■ Defendants contend that this case does not come within *Scheuer,* however, for the reason that there is no allegation that defendants acted outside the scope of their offices, or if within the scope, acted in an arbitrary manner. We disagree. "Fairly read," the complaint alleges that defendants have unconstitutionally denied plaintiff her rights to equal protection of the laws by discharging her from employment because she pursued her rights as guaranteed by § 1983. In the words of the *Scheuer* Court:

Analyzing the complaint in light of these precedents, we see that petitioners allege facts that demonstrate they are seeking to impose individual and personal liability on the *named defendants* for what they claim—but have not yet established by proof—was a deprivation of federal rights by these defendants under the color of state law. Whatever the plaintiffs may or may not be able to establish as to the merits of their allegations, their claims, as stated in the complaints, given the favorable reading required by the Federal Rules of Civil Procedure, are not barred by the Eleventh Amendment.

416 U.S. at 238, 94 S.Ct. at 1687, 40 L.Ed.2d at 97.

*Scheuer* also belies any notion that this Court may predicate a motion to dismiss upon the alleged immunity of the individual defendants. *Scheuer* held that immunity of members of the executive branch, unlike that of the judicial branch, is not absolute, but qualified. Because the immunity conferred was only qualified the Court held that "[f]inal resolution of this question must take into account the functions and responsibilities of these particular defendants in their capacities as officers of the state government, as well as the purposes of 42 U.S.C. § 1983." 416 U.S. at 243, 94 S.Ct. at 1690, 40 L.Ed.2d at 100.

This analysis is also supported by Ninth Circuit law. In *Ybarra v. Los Altos Hills,* 503 F.2d 250 (9th Cir. 1974), the Court stated:

Los Altos also contends that Section 1343 does not confer jurisdiction over the individual appellees since they are sued in their official capacity as officers of the town. We disagree. State and municipal officials whose actions violate constitutional rights are not protected by the state's sovereign immunity or the Eleventh Amendment.

503 F.2d at 252.

See also, *Construction Industry Association v. City of Petaluma,* 522 F.2d 897 (9th Cir. 1975).

II. SUMMARY JUDGMENT

■ Defendants have also moved for summary judgment. In support of this mo-

tion they have submitted affidavits and exhibits denying that plaintiff was fired for any racial or retaliatory motives. The affidavits even go so far as to state that at the time the decision to terminate plaintiff was made, they were not aware that she had seen the EEOC.

In spite of the fact that plaintiff has submitted no countering affidavits, we believe that summary judgment is not appropriate given the current posture of this case. First, as explained *ante,* we will suspend action on this case pending consideration by the SPB. Second, the affidavits claiming that the decision to fire the plaintiff was made prior to the time defendants had learned she went to the EEOC seem inconsistent with exhibits accompanying the affidavits. For example, in a memo from defendant Thoreson to defendants Reich and Swanson, dated January 2, 1975, Thoreson requests plaintiff's termination. In the course of that memorandum, Thoreson states,

> On December 10, [plaintiff] met with Gene Reich [one of the defendants] to request time off to file a grievance against me with EEOC and confer with a private attorney. Gene granted her the time.

Another example of the seeming inconsistency is found in plaintiff's notice of rejection from probation:

> In your December 27, 1974 memo of accusation to your supervisor . . . [you] evidenced a lack of good judgement [sic] in the pursuit of your grievances since the prescribed policies for grievance relief have been thoroughly reviewed with you.

Since the memo referred to was the one in which plaintiff formally advised her supervisor that she had been to the EEOC, it is difficult for the Court to see that no question of fact exists concerning the reasons for plaintiff's termination.[3]

---

**3.** Plaintiff also points out that her complaint is verified and has established a prima facie case of retaliation. Although it is true that a verified complaint may suffice as an affidavit under Rule 56, F.R.Civ.P., that is only true if the verified complaint meets the requirements of

In summary therefore, this Court will retain jurisdiction over the Title VII aspects of this action, subject to the requirement that plaintiff first pursue her state remedies; we withhold determination of the back pay and attorney fee issues until a later time. Furthermore, defendants' motions to dismiss the § 1983 claim and for summary judgment are denied.

IT IS SO ORDERED.

an affidavit under the rules. *Runnels v. Rosendale,* 499 F.2d 733, 734 n.1 (9th Cir. 1974). In the instant case, plaintiff's complaint, although sufficient for pleading purposes, is not specific enough to qualify as an affidavit.