**EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff,**

v.

**CONTAINER CORPORATION OF AMERICA et al., Defendants.**

**No. 72–336–Civ–J.**

United States District Court,
M. D. Florida,
Jacksonville Division.

Oct. 13, 1972.

William A. Carey, General Counsel, Charles Wilson and Sylvia E. Sepulveda, Associate General Counsel for Trial Litigation, Lutz Alexander Prager, Atty., Equal Employment Opportunity Commission, Washington, D. C., Joseph Ray Terry, Regional Atty., Atlanta, Ga., for plaintiff.

Mahoney, Hadlow, Chambers & Adams, Jacksonville, Fla., Robert H. Cannon, Chicago, Ill., for defendants.

## ORDER

TJOFLAT, District Judge.

This cause is before the Court on the defendants' alternative motions directed to the complaint. The plaintiff, the Equal Employment Opportunity Commission (EEOC) brought this action under Title VII of the Civil Rights Act of 1964[1] against Container Corporation of America and ten unions. The Commission alleges that the defendants have engaged in discriminatory employment practices in violation of the Act; and it has moved for a preliminary injunction[2] to restrain Container Corporation from effecting any permanent job promotions or transfers in the event the Court later determines on the merits that some other person is entitled to the particular promotion, transfer, or other available position.

The defendants have moved alternatively to dismiss the complaint, to strike portions thereof, and for a more definite statement.

This suit is the first brought by the EEOC under the recently amended Act.[3] Previously the EEOC had investigatory and conciliatory powers and only the aggrieved party was empowered to bring

1. 42 U.S.C. § 2000e et seq., *as amended*, Pub.L.No. 92–261.

2. 42 U.S.C. § 2000e–5(f)(2) specifically empowers the Commission to seek tempo-

rary or preliminary relief pending the final disposition of a charge.

3. Public Law No. 92–261, effective March 24, 1972.

suit.[4]   As now amended, the Act provides in part:[5]

> If within thirty days after a charge is filed with the Commission   .   .   . the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action.   .   .   .

Thus, the defendants argue that, before the Commission can bring suit, thirty days must have elapsed following the filing of a charge and the EEOC must have been unable to secure a conciliation agreement.   The Act further requires that if the EEOC determines there is reasonable cause to believe a violation of the Act exists, "the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion   .   .   ." 42 U. S.C. § 2000e–5(b).   The defendants contend that the EEOC did not endeavor to seek conciliation and, therefore, failed to satisfy that prerequisite to bringing suit.

Since this case is the first exercise of the Commission's new-found suit powers, there is an unfortunate lack of precedent.   A number of cases, such as Miller v. International Paper Co., 408 F.2d 283 (5th Cir. 1969), have held that the failure of the EEOC to attempt conciliation should not bar an aggrieved individual from bringing suit under the Act.   Since, up until this case, the Commission could not bring suit on its own, the Courts reasoned that the EEOC's failure to fulfill its statutory obligation to conciliate should not prejudice the aggrieved individual's rights.   The defendants concede the correctness of this line of cases, but argue that, since in this case the EEOC itself is bringing suit, its failure to attempt conciliation with Container and the various unions should bar the present action.   The EEOC argues, on the other hand, that its decision to sue is not reviewable and the Court is foreclosed from inquiring into the extent of the conciliation efforts.

The complaint alleges only generally that all conditions precedent to suit have been satisfied.   The motions and supporting memoranda filed by the defendants put this allegation in issue and suggest that there are several conditions to suit which may not have been satisfied.

Rather than to isolate any one condition, it would seem appropriate to examine the overall statutory scheme.   The Act provides that, if a charge is filed with or by the Commission, notice must be served on the offending employer or union (the respondent) and the EEOC must investigate the charges.[6]   If it determines that no reasonable cause exists to support the charge, the respondent is so notified and the charge dismissed. If, however, the Commission finds reasonable cause to support the charge, it must notify the respondent and attempt to eliminate the problem through conciliation.[7]   If the Commission is un-

---

4.   42 U.S.C. § 2000e–5(e) provided that if the Commission failed to reach a conciliation agreement within 30 days, it must notify the aggrieved party who could then bring a civil action within 30 days.   The Attorney General could intervene in such an action if he certified it was of general public importance.   In addition, 42 U.S.C. § 2000e–6 provided for direct actions by the Attorney General.

5.   42 U.S.C. § 2000e–5(f)(1).

6.   42 U.S.C. § 2000e–5(b) provides in part that:

> Whenever a charge is filed by or on behalf of a person claiming to be aggrieved, or by a member of the Commission, alleging that an employer   .   .   .   (or) labor organization   .   .   .   has engaged in an unlawful employment practice, the Commission shall serve a notice of the charge   .   .   .   on such employer   .   .   .   (or) labor organization   .   . within ten days, and shall make an investigation thereof.

7.   Section 2000e–5(b) further provides:

> If the Commission determines after such investigation that there is not reasonable cause to believe that the charge is true, it shall dismiss the charge and promptly notify the person claiming to be aggrieved and the respondent of its action   .   .   .   .   If the Commission

able to secure a satisfactory conciliation agreement within thirty days, suit may be brought.[8] Finally, in the event the Commission does not commence an action within one hundred eighty days, it must notify the aggrieved party who has ninety days to file suit.[9]

The Court views each one of the deliberate steps in this statutory scheme —charge, notice, investigation, reasonable cause, conciliation—as intended by Congress to be a condition precedent to the next succeeding step and ultimately legal action. Certainly, the EEOC does not contend that it could skip one or more of these steps at will. The language of the Act is mandatory as to each step and the Commission must complete each step before moving to the next.

The allegation of the complaint is that all these conditions have been satisfied. The defendants move to dismiss because, they contend, one or more were omitted. It appears from the arguments and memoranda, for example, that there are two sets of charges in this case, one filed in 1967, the other in

1971. The defendants argue that the unions were not served with notice of the 1967 charge. The statutory language is clear that a civil action may be brought only against the *respondents named in the charge*. Thus, if the present complaint relates to charges in which the unions are not named as respondents, this action cannot proceed against those defendants. Mickel v. South Carolina State Employment Service, 377 F.2d 239 (4th Cir. 1967); Mondy v. Crown Zellerbach Corp., 271 F. Supp. 258 (E.D.La.1967).

The defendants also contend that the Commission made no investigation whatever of the 1971 charge. The Commission has made no response to this contention. Again, if the defendants are correct, the defect would be fatal to the complaint if based on that charge. In addition, the defendants allege that, although the unions were served with the 1971 charge, they were not party to any discussions or communications between the EEOC and Container; and there has been no attempt to conciliate with the unions on either the 1967 or the 1971 charges.[10]

---

determines after such investigation that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practice by informal methods of conference, conciliation, and persuasion.

8. 42 U.S.C. § 2000e–5(f)(1) provides:
If within thirty days after a charge is filed with the Commission . . . the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent not a government, governmental agency, or political subdivision named in the charge.

9. 42 U.S.C. § 2000e–5(f)(1) further provides:
If a charge filed with the Commission pursuant to subsection (b) of this section is dismissed by the Commission, or if within one hundred and eighty days from the filing of such charge . . . the Commission has not filed a civil action under this section . . . or

the Commission has not entered into a conciliation agreement to which the person aggrieved is a party, the Commission . . . shall *so notify the person* aggrieved and within ninety days after the giving of such notice a civil action may be brought against the respondent named in the charge (A) by the person claiming to be aggrieved or (B) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice.

10. The Commission makes the argument, based on some theory of agency, that the failure to reach conciliation with Container, the main character, makes it unnecessary to attempt to conciliate with—as it terms the unions—the supporting cast. Such a conclusion would be a gross distortion of the language of the statutory language and is not supported by the case law. *See* Mickel v. South Carolina State Employment Serv., *supra;* Mondy v. Crown Zellerbach Corp., *supra.*

The EEOC argues strenuously that the administrative decision to sue is not reviewable and that the Courts cannot re-examine the conciliation efforts to determine whether the parties have tried hard enough to reach an agreement. The dispute, however, is not over the extent, but the existence, of any conciliation efforts. If, as the defendants contend, there are statutory preconditions to bringing suit, to foreclose judicial inquiry into the satisfaction of the conditions would eliminate them from the Act.

The Court concludes that the question of the EEOC's satisfaction of the statutory conditions precedent to suit is a proper and indeed a necessary subject of judicial inquiry. Unfortunately, the general allegation of the complaint makes such inquiry difficult, if not impossible. The complaint does not allege with particularity the actions taken by the EEOC to comply with each of the statutory conditions. The complaint does not even allege which of the two charges, if not both, is the subject of the suit. Moreover, none of the parties has sought to treat the motion to dismiss as one for summary judgment and augmented the record accordingly. Thus, the Court is unable to determine whether or not the EEOC has fulfilled all of the conditions precedent to suit. Enough appears from the motions, however, to make it clear that the present state of the pleadings is inadequate and that the defendants are entitled at least to a more definite statement if not a repleader.

In this instance the Court feels that to put this case in its proper perspective requires an amended complaint setting forth with greater clarity the Commission's claim for relief. Accordingly, it is

Ordered:

1. The defendants' motion to dismiss is granted and the plaintiff shall have twenty (20) days from date hereof within which to file and serve an amended complaint.

2. The defendants shall have twenty (20) days from the service of the amended complaint within which to respond pursuant to the rules.