EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Plaintiff,

Billy D. Mills, on behalf of himself and
all persons similarly situated,
Applicant for Intervention,

v.

BARTENDERS INTERNATIONAL
UNION, AFL–CIO, LOCAL UNION
NO. 41, Defendant.

No. C–73–0508 RFP.

United States District Court,
N. D. California.

June 21, 1973.

Phillip Paul Bowe, Davis, Cowell, &
Bowe, San Francisco, Cal., for defendant.

Michael C. Tobriner and Kenneth
Hecht, Employment Law Center, San
Francisco, Cal., for applicant on intervention.

Peter A. Janiak, E.E.O.C., San Francisco, Cal., for plaintiff.

PECKHAM, District Judge.

This case is before the court on a motion to dismiss the complaint for failure to comply with certain statutory preconditions for the bringing of an action within the time frame allegedly set forth in Title VII of the Civil Rights Act of 1964.[1] Alternatively defendant seeks a motion for a more definite statement.

The plaintiff, the Equal Employment Opportunity Commission (the Commission), brought this action for preliminary[2] and permanent injunctive relief from alleged discriminatory employment practices in violation of the Act by the defendant Bartenders International Union, Local 41.

According to the allegations in the complaint an administrative charge was filed on or about December 29, 1967. Approximately a year later the Commission determined that there was reasonable cause to believe that Local 41 was engaging in practices in violation of Title VII. The complaint further states generally that attempts to reach conciliation failed. On March 29, 1973 the Commission filed suit in this court.

Under the original Act the Commission had investigatory and conciliatory powers, but only an aggrieved party[3] or the Attorney General[4] could commence a suit.

As the statute now reads the Commission may bring a suit to enforce the Act. Section 706(f)(1), 42 U.S.C.A. § 2000e-5(f)(1) (1973) reads in part:

If within thirty days after a charge is filed with the Commission . . . the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action.

By a specific provision in the amending legislation, section 706 applied to all charges which were pending before the Commission as of the date of the Amendment.[5]

## I.

Defendant herein contends that the conciliation attempts must be accomplished within the thirty days as a prerequisite to the suit by the Commission. Such a claim is wholly without merit.

Title VII, § 706(b), 42 U.S.C.A. § 2000e-5(b) (1973) reads:

If the Commission determines after such investigation that there is reasonable cause to believe that the charge is true, the Commission shall endeavor to eliminate any such alleged unlawful employment practices by informal conference, conciliation, and pursuasion . . . The Commission shall make its determination on reasonable cause as promptly as possible and, *so far as practicable*, not later than one hundred and twenty days from the filing of the charge . . . (emphasis added.)

In Equal Employment Opportunity Commission v. Container Corporation of America, 352 F.Supp. 262 (M.D.Fla. 1972), the court found that each step set forth in the above section was a deliberate part of a scheme, set forth by Congress, and a mandatory prerequisite to the Commission's maintaining an action. In this regard the court distinguished a number of cases which have held prior to the amendments that the failure of the Commission to attempt conciliation did not bar an aggrieved party from bringing suit. *See* Cunningham v. Litton Industries, 413 F.2d 887 (9th Cir. 1969). Accordingly the court found that administrative charge, investiga-

---

1. Title VII § 701 et seq., 42 U.S.C.A. § 2000e et seq., (1973).

2. Title VII § 706(f)(2), 42 U.S.C.A. § 2000e-5(f)(2) (1973), empowers the Commission to seek preliminary injunctive relief.

3. Act of July 2, 1964, Pub.L.No. 88-352, § 706(e), 78 Stat. 259.

4. *Id.* § 707.

5. Pub.L.No. 92-261, § 14 (March 24, 1972). The defendant does not argue that the Commission in any way disposed of the charges herein prior to the date of the amendment.

tion, determination as to reasonable cause to believe the charge is true, and attempts at conciliation are mandatory preconditions to the maintenance of a suit by the Commission. Container Corporation of America, 352 F.Supp. at 265. The Commission does not argue otherwise. The dispute here is with respect to time constraints in which those requirements must be met.

The conciliation requirement follows a determination that there is reasonable cause to believe that the charge is true. The reasonable cause determination is to be made "so far as practicable" within 120 days from the filing of the charges.[6] Conciliation follows that determination. Therefore, it is frivolous to contend, as defendant does here that Congress meant in § 706(b) that the investigation, reasonable cause determination, and conciliation attempts must be effected within thirty days from the filing of the charge.

Section 706(f)(1) is read by this court as only imposing the requirement that the Commission must wait *at least* thirty days before it commences suit. However, that provision does recognize that the Commission must still proceed in accordance with the requirement of subsection (b) of that section providing that investigation, reasonable cause determination and conciliation must precede the filing of a suit. But nothing in § 706(f)(1) requires that these procedural safeguards must be accomplished within thirty days, and no such interpretation was intended by Congress.

## II.

The defendant also contends that the Commission must commence suit, if at all, within 180 days from the filing of the charge. Section 706(f)(1) generally provides that if the charge was dismissed by the Commission, or if, no conciliation being reached, the Commission had not filed suit within 180 days, it must notify persons aggrieved and they will have ninety days to commence an action.

The defendant contends that the 180 day notification requirement defines the boundaries of time in which the Commission may bring suit based on that charge. Defendant argues quite forcefully that Congress did not intend that actions be commenced in federal court on the basis of stale charges. It was presumably for this reason that Congress requires that a private party must bring suit within ninety days of being notified by the Commission. Defendant points to the fact that five years have passed since the filing of charges in the instant case. But as this court has recognized, the considerations which allow for a private party to sue are often separate considerations from those involving the government's right to proceed against an alleged violator of the act. See United States v. Local Union No. 3, International Union of Operating Engineers, 4 FEP Cases 1088 (N.D.Cal.1972). The Commission does not sue for damages. *Cf.* § 706(g) (backpay liability limited). And while Congress did intend that liability for damages based on a past discrimination should be expeditiously determined, the matter is in a different posture where, as here, the Government seeks an injunction to restrain an allegedly present and continuing violation of the Act.

On the other hand it is apparent that the Commission was without power to commence an action at the time when the 180 day period expired in this case. The 180 day period itself was a creation of an amendment which did not go into effect until four years after. The original Act contained no time limit within which the Commission was to notify the aggrieved party.[7] To accept defendant's contention that the placing of a time within which the Commission is to notify the aggrieved party is in effect a statute of limitation on further Commission action, would mean that numerous

---

6. Title VII § 706(b), 42 U.S.C.A § 2000e–5(b) (1973).

7. Act of July 2, 1964, Pub.L.No. 88–352 § 706, 78 Stat. 259.

cases on which the Commission was working were precluded from being brought to suit even before the Commission had the power to bring the actions. This court cannot accept such an interpretation.

As originally proposed the House Bill H.R. 1746, § 10, did not apply § 706 to cases which charges were filed before the effective date of the Act. 1972 U.S. Code Cong. & Admin.News p. 2166. When the final bill emerged from joint House-Senate Conference it was clear that the Commission's powers conferred in § 706 of the Act would apply to all cases in which charges were currently pending. Pub.L.No. 92–261, § 14 (March 24, 1972), 1972 U.S.Code Cong. & Admin.News p. 135. From this history one can conclude that Congress intended that the Commission's new powers reach just such cases as these where the charges were filed before the effective date of the Amendments, but were still pending before the Commission.

■ The purpose of the 180 day period is clear from the language and the legislative history. The period's purpose is to define the time a private party must defer to the Commission's attempts to settle the dispute through conciliation, just as the Commission itself must delay thirty days from the date of the charge before it commences suit.

Under the Act as originally passed the Attorney General could bring suit *whenever* he had reasonable cause to believe that a violation of the Act was occurring.[8] Under the recent amendments this authority was transferred to the Commission with a two-year period of concurrent jurisdiction in order that the transfer will be effected with ease. Title VII, § 707, 42 U.S.C.A. § 2000e–6(c)(d)(e) (1973). However, the Commission must proceed in accordance with the procedural safeguards outlined in § 706.[9]

At the time when the amendments were passed Congress was quite mindful of the backlog which plagued the Commission. In retaining the private right of action, in addition to giving the Commission the right to sue, the House Report said:

In the case of the Commission, the burgeoning workload, accompanied by insufficient funds and a shortage of staff, has, in many instances, forced a party to wait 2 to 3 years before final conciliation procedures can be instituted. This situation leads the committee to believe that the private right of action, both under the present Act and in the bill, provides the aggrieved party a means by which he may be able to escape from the administrative quagmire which occasionally surrounds a case caught in an overloaded administrative process.

. . . The committee believes that aggrieved persons are entitled to have their cases processed promptly and that the Commission should develop its capacity to proceed rapidly to hearing and decision once the complaint is issued. *The committee recognizes that it will not be possible to render a decision in all cases within the time limit prescribed.* The complexity of many of the charges, and the time required to develop the cases, is well recognized by the committee. It is assumed that individual complainants, who are apprised of the need for the proper preparation of a complex complaint involving multiple issues and extensive discovery procedures, would not cut short the administrative process merely to encounter the same kind of delays in a court proceeding. It would, however, be appropriate for the individual to institute a court action where the delay is occasioned by administrative inefficiencies. (emphasis added.)

H.R.Rep.No. 92–238, 92nd Cong., 1st Sess. 12–13, 1972 U.S.Code Cong. & Admin.News pp. 2147–48.

---

8. Act of July 2, 1964, Pub.L.No. 88–352, § 707, 78 Stat. 261.

9. Title VII, § 707, 42 U.S.C.A. 2000e–6(e) (1973).

Mindful of two and three year delays, this court connot accept defendant's contention that when Congress gave the Commission the right to sue with one hand, it took it away with the other by requiring that the suit be commenced within a time constraint which it knew the Commission could not meet.

If this court were to infer that Congress intended that the action must be commenced within the 180 day period following the filing of the charges, it would mean that in order to remedy the alleged violation here, the private party, would have to refile the complaint, or a member of the commission could file charges,[10] and the administrative process would begin again. Since attempts at conciliation have not to this point been fruitful, this court cannot abide by an interpretation which would cause yet additional delays. The wrongs alleged, if true, have too long gone unremedied. To require that the administrative process begin again would be futile. As the court said in Love v. Pullman, 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972) in construing § 706(d) prior to the amendments:

> To require a second "filing" by the aggrieved party . . . would serve no purpose other than the creation of an additional procedural technicality.

Accordingly the court finds that the 180 day requirement is only a period in which a private party must wait while the Commission attempts to conciliate. It does not define the period in which the Commission must commence suit.

### III.

■ Alternatively the defendant seeks a more definite statement on the ground that the compliance with conditions precedent to bring the action are not alleged with sufficient particularity to enable the defendant to answer. In similar circumstances such a motion was granted in EEOC v. Container Corp. of America, *supra*. However, this court respectfully disagrees with that aspect of the decision.

Rule 9(c) of the Federal Rules of Civil Procedure specifically provides that conditions precedent may be averred generally. This court has consistently held that a motion for a more definite statement may not be used to elicit information more properly the subject of the discovery procedures. *See, e. g.,* Angel Creek Logging Co. v. Atlas Plywood Corp., 22 F.R.D. 1 (N.D.Cal.1957). *See also* Conley v. Gibson, 355 U.S. 41, 78 S. Ct. 99, 2 L.Ed.2d 80 (1957).

The complaint in the instant case has clearly pleaded in general terms the occurrence of the conditions precedent required. The rules require no more. As Judge Brown said in EEOC v. Pick Memphis Corp., 5 E.P.D. ¶ 8471 (W.D. Tenn.1973):

> These statutory requirements are not jurisdictional, and the failure of the complaint to allege, with specificity, performance of each statutory requirement does not deprive the court of jurisdiction of this case.

> In the case at bar, the complaint, which includes a general allegation that all of the necessary statutory conditions have been performed, is sufficient. The defendant, through discovery, has the means to determine if the plaintiff has in fact failed to satisfy one or more of the statutory requirements. In the event that the defendant does make such a determination, it may raise the issue at the proper time.

This matter has too long been delayed. Section 706(f)(2)(5) places on this court the obligation to insure that this case be determined "in every way expedient". The motion to dismiss or in the alternative for a more definite statement is hereby denied.

---

10. If charges are filed by a member of the Commission there would be an additional delay for possible action by a state commission. 42 U.S.C.A. § 2000e–5(d) (1973).