**EQUAL EMPLOYMENT OPPORTUNI-TY COMMISSION, Plaintiff,**

v.

**MISSOURI PACIFIC RAILROAD COM-PANY and Brotherhood of Railway Carmen of America, AFL-CIO, Memphis Belt Lodge No. 585, Defendants.**

No. C-73-127.

United States District Court,
W. D. Tennessee, W. D.

July 10, 1973.

Samuel J. Harris, Ethel Mixon and Stella Morisson, EEOC, Washington, D. C., for plaintiff.

Maurice Wexler, Memphis, Tenn., for Memphis Belt Lodge 585.

James W. McDonnell, Jr., and J. Heiskell Weatherford, III, Memphis, Tenn., for Missouri Pacific.

ORDER DENYING MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT

WELLFORD, District Judge.

This is an action brought by the E.E.O.C., pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., as amended by Public Law 92-261, 86 Stat. 103 (March 24, 1972). Plaintiff charges that the defendants are guilty of unlawful employment practices in violation of Title VII. The defendants have filed a motion to dismiss or in the alternative for a more definite statement.

In support of their motions the defendants assert that the complaint should allege specifically compliance with the prerequisites for bringing suit under Title VII. In particular, defendants assert that the complaint does not

1

identify the person or persons who filed charges with the E.E.O.C. prior to the filing of this suit, nor does the complaint set forth specifically satisfaction of the conditions precedent to suit by the E.E.O.C.[1] (Charge notice, investigation, finding of reasonable cause and failure of attempted conciliation.)

As regards the pleading of conditions precedent, Rule 9(c) governs, and provides that:

> (c) Conditions Precedent. In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity.

Plaintiff herein has alleged at paragraph 8 of the Complaint that "[a]ll conditions precedent to the institution of this action have been fulfilled." The Court believes that this averment is sufficient to satisfy plaintiff's pleading requirements and to compel the Court to deny defendants' motion. This is particularly so in light of the ample discovery techniques provided by the Federal Rules of Civil Procedure and the fact that motions for more definite statements are not favored by the federal courts.

It should be noted, however, that although plaintiff has technically fulfilled its pleading requirements, the Court believes that a more detailed statement may be desirable under circumstances relating to these cases. The statutory conditions precedent of charge, notice, investigation, finding of reasonable cause and failure of attempted conciliation are prerequisites to the maintenance of an action of this type and may be serious issues in such a proceeding. In this regard the Court is sympathetic to the reasoning of Judge Tjoflat in E. E.O.C. v. Container Corp. of America, Inc., 352 F.Supp. 262 (M.D. Fla.1972). We disagree, however, with that Court's conclusion that failure to set forth satisfaction of the conditions precedent requires dismissal. While not actually required, a brief statement setting forth the satisfaction of each necessary condition would result in more efficient use of the Court's time and perhaps of the litigants' as well.

For the reasons set forth above, we do overrule defendants' Motion to Dismiss or For a More Definite Statement, but we do so somewhat reluctantly.

---

1. Rule 8(a), Fed.R.Civ.P., provides in part: "(a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled. . . . "