499 F.2d 187
 8 Fair Empl.Prac.Cas. 203, 8 Empl. Prac. Dec. P 9477
 EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellant,
v.
WAH CHANG ALBANY CORPORATION and Local 6163, United
Steelworkers of America(AFL-CIO), Defendants-Appellees.
 
 No. 73-3555.
 United States Court of Appeals, Ninth Circuit.
 June 17, 1974.
 C. L. Thomas (argued), EEOC, Washington, D.C., for plaintiff-appellant.
 William H. Schmelling (argued), of Willner, Bennett, Meyers, Riggs & Skarstad, Portland, Or., Perry Goldberg (argued), Chicago, Ill., for defendants-appellees.
 Before BROWNING and WRIGHT, Circuit Judges, and KING,* District judge.
 PER CURIAM:
 
 
 1
 The Equal Employment Opportunity Commission (EEOC or Commission) appeals from an order of the District Court for the District of Oregon which dismissed an EEOC action brought pursuant to the Commission's authority under Section 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C.A. (1974) 2000e-5(f)(1) and (3), against Wah Chang Albany Corporation (Wah Chang Albany or Employer) and Local 6163, United Steelworkers of America (AFL-CIO) (Union), because the first amended complaint did not allege that the discriminatory charge had been deferred to the appropriate state or local agency.[1]
 
 
 2
 Defendants argued, and the district judge ruled, that deferral was one of the pre-conditions to the court's jurisdiction and therefore was required to be pleaded by Rule 8(a)(1), Fed.R.Civ.P. Defendants agrued alternatively that deferral was a necessary pre-condition to relief and therefore was required to be pleaded by Rule 8(a)(2). The district judge did not reach this alternative ground for dismissal.
 
 
 3
 We reverse.
 
 
 4
 We hold that Rule 8(a) does not require specific allegations relating to deferral, either for the purpose of establishing the grounds upon which the court's jurisdiction depends, or for the purpose of stating a claim showing that the pleader is entitled to relief.
 
 
 5
 In an area in which it is difficult to demonstrate ultimate or eternal truth, we look to what ought to be the better practice in the light of the history of notice pleading under the Federal Rules of Civil Prodedure.
 
 
 6
 A similar situation was faced in Hodgson v. Virginia Baptist Hospital, Inc., 482 F.2d 821 (4th Cir. 1973), and the opposing points of view as to the application and interaction among Rules 8, 9, and 12, Fed.R.Civ.P., are well explicated by the majority and minority opinions in that case. The majority pointed out that: 'A major aim of American prodedural reform has been to reduce reliance on pleadings to refine the evidentiary basis for a litigant's claim.' 482 F.2d at 823.
 
 
 7
 A fundamental policy of the Equal Employment Opportunity Act (Act) is to avoid federal action whenever possible by making the state a partner in the enforcement of Title VII. See, e.g., 110 Cong.Rec. 12707 (1964) (remarks of Senator Humphrey). The deferral requirement of Section 706(c), 42 U.S.C.A. (1974) 2000e-5(c),[2] is thus an important feature of the statute to be carried out by the executive department and to be upheld by the judiciary. On the other hand, we do not see this procedural direction to the Commission as affecting the power of the court to deal with a complaint that makes no specific mention of deferral.[3]
 
 
 8
 The Equal Employment Opportunity Act is an intricate statute hedged about with definitional, substantive, and procedural limitations, restrictions, and requirements. The Supreme Court has decreed in Love v. Pullman Co., 404 U.S. 522, 92 S.Ct. 616, 30 L.Ed.2d 679 (1972), that these provisions are not to be interpreted too literally or too technically, reversing The Tenth Circuit, which then followed with Vigil v. American Telephone and Telegraph Company, 455 F.2d 1222 (10th Cir. 1972), to the same effect.
 
 
 9
 The civil action authorized by Section 706(f)(1) is essentially a claim for relief from an unresolved unlawful employment practice. In keeping with the spirit of Love v. Pullman Co., the prodedural steps that must be taken before suit may be prosecuted are most reasonably considered conditions precedent, the performance or occurrence of which may be pleaded generally as permitted by Rule 9(c), Fed.R.Civ.R.[4]
 
 
 10
 Deferral to a state or local agency, while not to be overlooked, is contingent, depending upon the existence, provisions, and requirements of the state or local law. Failure to allege deferral is as consistent with a position that deferral is not required as that deferral has been by-passed. See, e.g., General Inc. Co. v. EEOC, 491 F.2d 133, 135 (9th Cir. 1974). Issues in this regard are defensive in character and can be resolved readily by motion for summary judgment under Rule 56, Fed.R.Civ.P.[5] Such a prededure is no more burdensome on the defendant than a motion to dismiss under Rule 12(b), Fed.R.Civ.P.
 
 
 11
 Defendants argued that they could not safely formulate responsive pleadings based on something more than speculation about the nature of the charges which are the basis of the complaint unless the EEOC was required to plead the additional matters requested. The argument strikes us as frivolous. The Act requires that notice of a charge be served upon the person against whom such charge is made and that the Commission attempt for at least 30 days to settle the charge by conciliation. If an allegation of the complaint does in fact come as a surprise to a defendant, Rule 8(b), Fed.R.Civ.P., permits him to deny the allegation by avering that he is without knowledge or information sufficient to form a belief as to the truth of the allegation.
 
 
 12
 Plaintiff EEOC for some reason not immediately apparent omitted from the first amended complaint the general allegation that all conditions precedent to the commencement of the action had been fulfilled. This allegation should be restored to the complaint.
 
 
 13
 The cause is remanded for further proceedings consistent herewith.[6]
 
 
 
 *
 The Honorable Samuel P. .king, United States District Judge for the District of Hawaii, sitting by designation
 
 
 [1]
 The original complaint, filed May 7, 1973, charged that the defendants engaged in various practices which discriminated against its women employees on the basis of their sex. It alleged that jurisdiction of the action was conferred by Section 706(f)(1) and (3) of Title VII. It further alleged that charges of employment discrimination had been filed more than 30 days prior to the commencement of the action, and that 'All conditions precedent to the commencement of this action have been fulfilled'
 Defendants moved to dismiss the complaint for, inter alia, failure to allege facts sufficient to sustain the district court's jurisdiction under Title VII. In their memoranda in support of the motions, defendants argued that the general allegation in the complaint as to fulfillment of conditions precedent was insufficient; that the complaint should have specifically alleged the timeliness of the charge filed with the Commission, deferral to the appropriate state agency, a finding of reasonable cause by the Commission, and the Commission's inability to secure a conciliation agreement acceptable to it.
 On August 15, 1973, the district court granted defendants motion to dismiss and gave the plaintiff 30 days 'in which to file an amended complaint which must allege that the EEOC has complied with each specific condition precedent'.
 The Equal Employment Opportunity Commission, on September 12, 1973, filed its First Amended Complaint. It again alleged that 30 days had elapsed since the filing of charges with the Commission specifying the names of the charging parties and dates of filing. It then alleged that the Commission, after investigating and finding reasonable cause to believe that the defendants had engaged in unlawful employment practices, had been unable to secure a conciliation agreement acceptable to it. The general statement that 'All conditions precedent to the commencement of this action have been fulfilled' was left out.
 The defendants again moved to dismiss the complaint, contending that the complaint was still jurisdictionally defective in failing to allege the timeliness of the charge and deferral to the appropriate state agency. On the argument of the motion the court took the position that since it had previously ordered the Commission to allege all conditions precedent, the failure to allege deferral to a state agency justified the assumption that deferral had not occurred. Government counsel pointed out that, as a matter of pleading, it was not necessary to allege every single prodedural step which the Commission had taken. The court ruled that deferral was jurisdictional and had to be alleged, and granted the motions to dismiss, without leave to amend.
 
 
 [2]
 Section 706(c) provides:
 In the case of an alleged unlawful employment practice occurring in a State, or political subdivision of a State, which has a State or local law prohibiting the unlawful employment practice alleged and establishing or authorizing a State or local authority to grant or seek relief from such practice or to institute criminal proceedings with respect thereto upon receiving notice thereof, no charge may be filed under subsection (b) of this section by the person aggrieved before the expiration of sixty days after proceedings have been commenced under the State or local law, unless such proceedings have been earlier terminated, provided that such sixty-day period shall be extended to one hundred and twenty days during the first year after the effective date of such State or local law. If any requirement for the commencement of such proceedings is imposed by a State or local authority other than a requirement of the filing of a written and signed statement of the facts upon which the proceeding is based, the proceeding shall be deemed to have been commenced for the purposes of this subsection at the time such statement is sent by registered mail to the appropriate State or local authority.
 
 
 [3]
 Recent decisions of this court, holding that where there has been no deferral to a state agency the district court should not dismiss but should retain jurisdiction for a period sufficient to allow the employee to seek redress through the state agency, necessarily imply that deferral is not a jurisdictional fact in the sense that its absence deprives the court of power to act. See Oubichon v. North American Rockwell Corp., 482 F.2d 569, 571 (9th Cir. 1973); Parker v. General Tel. Co., 476 F.2d 595 (9th Cir. 1973); Motorola, Inc. v. EEOC, 460 F.2d 1245, 1246 (9th Cir. 1972)
 
 
 [4]
 The district courts have faced his problem with varying results. See EEOC v. Bartenders Int'l Union, 369 F.Supp. 827 (N.D.Cal.1973); EEOC v. Rhode Island Sand & Gravel Co., Inc., Civil No. 5197 (D.R.I. June 18, 1973); EEOC v. Kimberly-Clark Corp., No. C-73-42 (W.D. Tenn. June 8, 1973); EEOC v. Pick Memphis Corp., 5 EPD P8471 (W.D.Tenn. January 16, 1973); EEOC v. Eagle Iron Works, 367 F.Supp. 817 (S.D.Iowa 1973); EEOC v. General Electric Company, 370 F.Supp. 1258 (W.D.Va.1973); EEOC v. Guaranty Savings & Loan Association, 369 F.Supp. 36 (N.D.Ala.1973); EEOC v. Mobil Oil Corp., 362 F.Supp. 786 (W.D.Mo.1973); EEOC v. Western Electric Co., Inc., 369 F.Supp. 1002 (W.D.Tenn.1973); EEOC v. Western Elec. Co., Inc., 364 F.Supp. 188 (D.Md.1973); Van Hoomissen v. Xerox Corporation, 368 F.Supp. 829 (N.D.Cal.1973), appeal dismissed, 497 F.2d 180 (9th Cir. 1974); EEOC v. Container Corporation of America, 352 F.Supp. 262 (M.D.Fla.1972); EEOC v. McLean Trucking Co., 5 FEP Cases 608 (W.D.Tenn.1972); Foye v. United A. G. Stores Cooperative, Inc., 336 F.Supp. 82 (D.Neb.1972); Trivett v. Tri-State Container Corp., 368 F.Supp. 131 (E.D.Tenn.1972); Nishiyama v. North American Rockwell Corporation, 49 F.R.D. 288 (C.D.Cal.1970)
 
 
 [5]
 See e.g., EEOC v. Firestone Tire & Rubber Co., 366 F.Supp. 273 (D.Md.1973)
 
 
 [6]
 Appellee suggests that the EEOC should have sought reconsideration of the district court's order. Brief of Appellee Wah Chang Albany Corporation at 14. Although the Federal Rules do provide for the reconsideration of orders, Fed.R.Civ.P. 60(b) is not a substitute for appeal. 7 J. Moore, Federal Practice P60.18(8) at 217 (2d ed. 1974)