EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellant,

v.

AIRGUIDE CORPORATION, Defendant-Appellee.

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff-Appellee,

v.

AIRGUIDE CORPORATION, Defendant-Appellant.

Nos. 75–2976, 75–3426.

United States Court of Appeals, Fifth Circuit.

Sept. 29, 1976.

Julia P. Cooper, Acting Gen. Counsel, EEOC, Josephine A. Trevathan, EEOC, Washington, D. C., Alfonso McGhee, Assoc. Regional Atty., EEOC, Atlanta Regional Litigation Center, Atlanta, Ga., Beatrice Rosenberg, Charles L. Reischel, Attys., EEOC, Washington, D. C. for EEOC.

Joseph W. Beasley, Robert D. Hall, Jr., Miami, Fla., for Airguide Corp.

Before DYER, SIMPSON and RONEY, Circuit Judges.

SIMPSON, Circuit Judge:

The primary appeal, No. 75–2976, is from the granting of defendant's motion for summary judgment, and the consequent dismissal with prejudice of an Equal Employment Opportunity Commission (EEOC) suit pursuant to Section 706(f)(1) of Title VII of the Civil Rights Act of 1964, as amended in 1972, 42 U.S.Code, Section 2000e–5(f)(1).[1] No. 75–3246 is an appeal as to a subordinate issue, the failure to award attorney's fees to appellee, in the same action below.

On October 24, 1972, a non-Spanish surnamed female filed a charge with appellant EEOC, alleging that appellee Airguide Corporation discriminated against her because of her sex and national origin. Pursuant to Section 2000e–5(b),[2] the EEOC allegedly sent to Airguide a notice of said charge within ten days of the filing of such charge with the EEOC. Airguide claimed that it did not receive notice of the charge until August 1973, when it received a letter from an EEOC investigator requesting information regarding said charge.

In February 1974, the district director of EEOC, after conducting an investigation, determined that there was reasonable cause to believe that Airguide had discriminated against the charging party on the basis of sex and national origin.[3]

1. All references to Section 706 of Title VII of the Civil Rights Act of 1964, are to that Act as amended in 1972, 42 U.S.C., Section 2000e–5.

2. Section 706(b), Title VII of the Civil Rights Act of 1964, as amended, Title 42, U.S.Code, § 2000e–5(b) reads, in relevant part, as follows:

(b) Whenever a charge is filed by or on behalf of a person claiming to be aggrieved, or by a member of the Commission, alleging that an employer, employment agency, labor organization, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, has engaged in an unlawful employment practice, the Commission shall serve a notice of the charge (including the date, place and circumstances of the alleged unlawful employment practice) on such employer, employment agency, labor organization, or joint labor-management committee (hereinafter referred to as the "respondent") within ten days, and shall make an investiga-

tion thereof. Charges shall be in writing under oath or affirmation and shall contain such information and be in such form as the Commission requires. Charges shall not be made public by the Commission. If the Commission determines after such investigation that there is not reasonable cause to believe that the charge is true, it shall dismiss the charge and promptly notify the person claiming to be aggrieved and the respondent of its action.

3. The determination of the district director reads in full as follows:

Under the authority vested in me by Section 29 CFR 1601.19b(d) (September 27, 1972), I issue, on behalf of the Commission, the following determination as to the merits of the subject charge.

Respondent is an employer within the meaning of Title VII and the timeliness and all other jurisdictional requirements have been met.

Thereafter, the Commission and Airguide engaged in conciliation efforts, pursuant to Section 2000e–5(b). Attempts to conciliate were not successful and on March 19, 1975, the EEOC, pursuant to Section 2000e–5(f)(1),[4] filed its complaint with the district court alleging the noted discrimination because of national origin and sex. Defendant Airguide moved to dismiss the complaint (Rule 12(b), F.R.Civ.P.) and in the alternative for summary judgment (Rule 56, F.R.Civ.P.). Motions were also filed for a more definite statement (Rule 12(e), F.R.Civ.P.) and to strike portions of the complaint (Rule 12(f), F.R.Civ.P.). With respect to the motion to dismiss or for summary judgment, the district court ruled that it could not determine from the pleadings whether the conditions precedent to the lawsuit had been fulfilled, and accordingly set the matter for an evidentiary hearing "limited to the resolution of Airguide's allegation that the EEOC failed to provide notice of charge within ten days of the filing of the charge of discrimination with the Equal Employment Opportunity Commission." The district court stated that, aside from the notice issue, it was satisfied that all other conditions precedent had been satisfied. The Motions for More Definite Statement and to Strike were denied. Appellant's Appendix (hereafter App.'s App.) p. 24.

On June 12, 1975, an evidentiary hearing was held limited to the issue of receipt by Airguide of a notice of charge, as required by Section 2000e–5(b). At the conclusion of the hearing the district court found:

> The Court finds from the evidence that there is persuasive evidence to the effect that the Form 131, that is, the notice of the filing of a charge within ten days from after October 24, 1972, addressed to Airguide, Inc., was actually mailed. The evidence of actual mailing, however, in the Court's opinion, only creates a rebuttable presumption that it was received. The Court finds that that presumption has been rebutted by the testimony of the defendant and concludes from all of the evidence that the Form 131, Notice of Filing of Charge, was not received by the defendant and that the first notification that the defendant received of the charge

> Charging Party, a native born American alleges she applied for a factory production position. Charging Party was not hired and learned subsequent to her application for employment, that two (2) Spanish Surnamed males had been hired. Charging Party alleges she was not hired because of her national origin, American, and her sex, female.
> It is undisputed that in general, Respondent employs 11 Negroes, 161 Caucasians, 83 males, and 53 females. As to specific categories, there are seven American Negroes and eight American Caucasians. Of this number, one American is male and 14 are female. In addition, there are three Negro Spanish Surnamed Americans; 81 Spanish Surnamed Americans are male and 75 are female. Additionally, there is one Negro Haitian male. Nineteen persons were hired from 09–18–72 to 02–22–73. Seventeen of the 19 employees hired were Spanish Surnamed Americans. The two additional employees were Americans. Five females hired were all Spanish Surnamed. Accordingly, we conclude that the Charging Party was not hired in part, because of her National Origin—American. In addition, Respondent's hiring decisions are vested in Respondent's first line supervision. Also, Respondent admits to having male "only" positions. Respondent's explanation for male "only" positions is that females are too delicate to handle such male "only" positions. Accordingly, we conclude that Charging Party was not hired, in part, because of her sex—female.
> Having determined that there is reasonable cause to believe the charge is true, the Commission now invites the parties to join with it in a collective effort toward a just resolution of this matter. A "Notice of Conciliation Process" is enclosed for your information. A representative of this office will be in contact with each party in the near future to begin the "Conciliation Process".

4. Section 706(f)(1), Title VII of the Civil Rights Act of 1964, as amended, Title 42, U.S.Code, § 2000e–5(f)(1) reads, in relevant part, as follows:

> (f)(1) If within thirty days after a charge is filed with the Commission or within thirty days after expiration of any period of reference under subsection (c) or (d) of this section, the Commission has been unable to secure from the respondent a conciliation agreement acceptable to the Commission, the Commission may bring a civil action against any respondent not a government, governmental agency, or political subdivision named in the charge.

was on August 7th—between August 7th and August 10th, 1973.

App.'s App. pp. 28–29.

Pursuant to this finding, the court granted the defendant's motion for summary final judgment holding that a condition precedent to suit had not been complied with and that such non-compliance prejudiced defendant. From this decision plaintiff appeals. We reverse and remand for further proceedings below.

We address only the issue of the sufficiency of the notice of the charge of discrimination, since our decision of that question renders determination of the other issues raised by the parties premature.[5]

Appellant EEOC urges that the district court erred in dismissing its suit solely because Airguide did not receive notice of the charge of discrimination within ten days of filing of the charge.

■ It is reasonable to conclude that Congress did not intend to allow the Commission to decide capriciously or arbitrarily whether or not notice of a charge of discrimination is to be sent to the alleged violator. This conclusion finds support in Senate Labor Committee Report, Sen.Lab. Comm.Rep. for S. 2515, October 28, 1971, which states:

> Recognizing the importance that the concept of due process plays in the American ideal of justice, the committee wishes to emphasize certain provisions which are included in the bill to insure that fairness and due process are part of the enforcement scheme.
>
> (a) Protection of rights of respondent. —The bill contains a number of provisions designed to protect fully the rights

of the person or persons against whom the charge is filed:

> 1. The Committee retained the requirement that charges be in writing. The Commission must serve the respondent with a notice of the charge, which would advise the respondent of the nature of the alleged violation. As amended by the Committee, the bill would require such notice to be served on the respondent within 10 days.

But neither do we have reason to think that Congress intended to prevent the Commission from suing because of an unintentional defect in compliance, without a showing that such "non-compliance" has caused prejudice to the defendant-employer. This is especially true where, as here, such non-compliance was actually compliance rendered ineffective by unforeseeable and uncontrollable circumstances.

The cases found persuasive by the district court deal with situations where the EEOC clearly and inexplicably failed to comply with a procedure found necessary before suit could be commenced. For example, in *EEOC v. United States Pipe & Foundry Co.,* N.D.Ala.1974, 375 F.Supp. 237, 247, the district court granted defendant's motion for summary judgment because it found that "[o]n the undisputed facts in this case, it is clear that Local Union 12014 was not contacted with respect to conciliation and that U.S. Pipe failed to receive a 'last chance' notice, which the Commission was obligated to transmit. . . . Where an agency confers a benefit by its regulations to party in proceedings before it, it should not be permitted *capriciously* to deprive a party of that benefit. This case falls within this general rule, and the court will not permit the Commission to *ignore procedures* which

---

5. Other issues raised on appeal are as follows: The EEOC argues that it was error for the district court to strike from the EEOC complaint all allegations of discriminatory practices except for those alleging discrimination based on sex and national origin, with respect to hiring. Airguide argues that we should recognize and apply an alternative ground for summary judgment, rejected by the district court, that the reasonable cause determination and termination of conciliation were made unlaw-

fully because of improper delegation of its powers to the district director. None of these issues are reached in view of our disposition of this appeal.

Nor do we address ourselves to the separate appeal of Airguide, *EEOC v. Airguide,* No. 75–3426, claiming that it should have been allowed attorney's fees as the prevailing party. Decision of that question is mooted by our conclusion to reverse and remand in No. 75–2976.

may obviate the necessity for litigation." (Emphasis added). The EEOC in the present case neither acted capriciously nor ignored required procedures. Equally distinguishable is *EEOC v. Westvaco Corp.*, D.Md.1972, 372 F.Supp. 985, where the Commission sought injunctive relief against an employer and certain unions, alleging unlawful employment practices. The court found that the EEOC failed to attempt to conciliate or to determine whether reasonable cause existed, and so dismissed the suit.

■ In the present case, there was every attempt to comply with the conditions precedent to suit required under Section 2000e–5. Indeed, the district court itself found that "there was persuasive evidence to the effect that the Form 131, that is, the notice of the filing of a charge within ten days from after October 24, 1972, addressed to Airguide, Inc., was actually mailed." App.'s App. pp. 28–29.

While there is support for the proposition that not only Section 2000e–5(f)(1) but also the administrative steps in Section 2000e–5(b) are conditions precedent to suit by the EEOC, *EEOC v. Hickey-Mitchell Co.*, 8 Cir. 1974, 507 F.2d 944, *EEOC v. DuPont de Nemours and Co.*, D.Del.1974, 373 F.Supp. 1321, aff'd 3 Cir. 1975, 516 F.2d 1297, *EEOC v. Container Corp.*, M.D.Fla.1972, 352 F.Supp. 262, such a position must be balanced against the observation of the Sixth Circuit in *EEOC v. Kimberly-Clark Corp.*, 6 Cir.1975, 511 F.2d 1352, 1360, cert. denied 423 U.S. 994, 96 S.Ct. 420, 46 L.Ed.2d 368, that "[w]hen an agency neglects to follow a procedural rule but its failure inflicts no significant injury on the party entitled to observance of the rule, the error does not prevent further administrative or judicial action."

As the United States Supreme Court observed in *Hanna v. Larche*, 1960, 363 U.S. 420, 442, 80 S.Ct. 1502, 1515, 4 L.Ed.2d 1307, 1321, ". . . due process embodies the differing rules of fair play, which through the years, have become associated with differing types of proceedings." We are unwilling to hold that in the present situation—where there has been virtual compliance with all the statutory procedural steps, and where there has been no clear showing of substantial prejudice to Airguide [6] —there has been a showing of a denial of due process sufficient to bar EEOC from bringing suit.

■ The district court's statement that "[w]here an employer does not receive notification that he has been charged with discrimination in hiring until well after the event in question, relevant forms will in all likelihood have been destroyed.", *EEOC v. Airguide*, S.D.Fla.1975, 395 F.Supp. 600, 604, is speculative and unpersuasive. It was not shown that such forms have been destroyed or, if so, whether Airguide was prejudiced by such destruction. The affidavit of defendant's general manager, App.'s App. pp. 14–18, on its face shows the possibility of prejudice, but that possibility may or may not be dissipated upon full exploration of the facts.[7] Also, aside from its categorical denial of receipt of the notice of the charge of discrimination, that affidavit was couched to a considerable extent in conclusionary terms.

The judgment appealed from is reversed and this cause is remanded to the district court for a determination of the extent of the prejudice, if any, suffered by Airguide because of lack of receipt of timely notice of the charge of discrimination. The result of such determination will govern the ne-

---

**6.** See *American Farm Lines v. Black Bell Freight Service*, 1970, 397 U.S. 532, 90 S.Ct. 1288, 25 L.Ed.2d 547, *EEOC v. Kimberly-Clark Corp.*, supra, *Sun Oil Co. v. Federal Power Commission*, 5 Cir. 1958, 256 F.2d 233.

**7.** Even if substantial prejudice is found to have occurred, this would not necessarily defeat the whole case but only those portions of the case affected by that prejudice. The Commission argues that the Commission's suit "is based on an investigation and reasonable cause decision which occurred after respondent was made aware, in August 1973, that charges had been filed against it. The investigation was based on records that were in existence after that date and on admissions made by representatives of the defendant company." App.'s Reply brief, p. 2. If this is found to be so, then some grounds for suit appear to be present.

cessity for further proceedings below, up to and including a full-scale trial of all disputed issues of fact. We indicate no views as to the proper resolution of any of such issues.

REVERSED and REMANDED.